## Wytheville.

## ATLANTIC COAST LINE RAILROAD COMPANY V. CHURCH.

June 14, 1917.

Absent, Burks, J.*

1. CROSSING—*Contributory Negligence—Absence of Sign—Evidence of Abandonment.*—A railroad track across a highway is itself a proclamation of danger, and travelers approaching such crossing on the highway must exercise proper precautions for their own safety. Even though the company may be guilty of negligence, the traveler can not recover if his own neglect to take such proper precautions proximately contributed to his injury. In order to constitute such proclamation of danger, however, the comp--- not do, or omit to do, anything which is likely to disarm the traveler and reassure him of his safety. The reason of the law fails if the tracks in fact and beyond all question have been abandoned. If the rails were so covered with earth as not only to be invisible on the highway bed, but to convey the impression that the track was not in use by trains; if, in addition to this, the rails themselves were rusty, obscured by vegetation growing close to them; and if there was no crossing signal board, as required by Code of 1904, section 1249-d, sub-section 49; then these combined circumstances presented a question to be submitted to the jury to determine whether or not a prudent man exercising due care commensurate with the danger to be apprehended, in approaching such a track, would apprehend danger, or would feel assured of his safety because of the absence of the crossing sign, together with such other surrounding conditions.

2. CROSSINGS — *Abandonment of Road.* — Concealed, dirt-covered, small and rusty rails, with undergrowth near the railroad track on a much-traveled dirt highway, are insufficient to justify the assumption that the railroad track had been abandoned; but when the impressions created by these indications of abandonment were confirmed by the absence of the warning sign, which is both customary and required by the statute,

---

*Case submitted before Judge Burks took his seat.

it can not be maintained as a conclusion of law that the court erred in submitting the question to the jury.

3. CROSSINGS—*Sign—Sub-Section 49 of Section 1249-d, Code of 1904.*—Defendant railroad company was guilty of negligence in failing to construct and maintain the proper signal board at the crossing where plaintiff was injured, as required by sub-section 49 of section 1249-d, Code of 1904. This provision is mandatory and requires crossing signs to be erected and maintained. The object of the statute is to protect human life, and as the injury to the plaintiff was especially such as the maintenance of the sign board was intended to prevent the pesumption arises that the injury may have been caused by such neglect, unless the plaintiff's own fault is manifest. Whether this negligence was or was not the cause of the injury must be determined from all the facts and circumstances of the case.

4. NEGLIGENCE—*When Question for Jury.*—Negligence only becomes a question of law to be taken from the jury when the facts are such that fair-minded men can only draw one inference therefrom. If fair-minded men, from the proofs submitted, may honestly differ, as to the negligence charged, the question is not one of law, but one of fact to be determined by the jury under proper instructions from the court.

5. APPEAL AND ERROR—*Harmless Error—Failure to Instruct as to Burden of Proof.*—In an action for personal injuries against a railroad company, the court, through inadvertence, failed to read an instruction to the jury, referring to the burden of proof, which the court at the request of the defendant intended to read. The court certified, however, that the case was argued before the jury by the opposing attorneys upon proper assumptions as to the burden of proof as stated in the instruction.

*Held:* That while such an inadvertence might and would probably be reversible error as to many instructions, and in most cases, yet as it is inconceivable that the competent attorneys who argued this case left the jury in any doubt whatever as to the burden of proof, there is no reason to suppose that the railroad company was injured by the inadvertence of the judge.

Error to a judgment of the Circuit Court of Nansemond county, in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Wm. B. McIlwaine* and *Bernard Mann,* for the plaintiff in error.

*Mann & Tyler,* for the defendant in error.

Prentis, J., delivered the opinion of the court.

Luther M. Church, while driving an automobile with the curtains closed because it was raining, was injured on the 2nd day of June, 1915, by a backing train at a public road crossing of a short spur of the Atlantic Coast Line Railroad Company, known as Beech Grove branch. This spur was a short line of railroad track operated for the purpose of gathering up farm produce for shipment from Driver's. The schedule of trains thereon was one train a week in the month of January, every Wednesday; three trains a week from February 1st to May 15th; one train a day, except Sunday, from May 16th to July 24th; and one train a week from July 25th to December 31st. If the business required it, the train would be operated each day so long as it was necessary.

Church had known of the crossing when he was a boy, from the time he was seven years old until he was twelve. He left the neighborhood at that time and knew nothing about it until about fifteen years later, when, in July, 1914, having returned, he as a traveling salesman for a Norfolk house, began to travel over the crossing, and had crossed it twelve or fifteen times during the eleven months which elapsed between his return and the time of the accident. He testified that each time he went over the track he found it so covered with dirt that no sign of the rails was visible at the crossing; that the rails on either side of the crossing were small, rusty, and did not look like they were used at all, and because of the bushes and undergrowth near them

could not be seen except at a point very near the crossing; that he never saw any trains or cars at or near the crossing; that there was no crossing sign there; that from these facts he reached the conclusion that the track had been abandoned and was no longer being used for the operation of trains; and that having reached this conclusion he did not exercise any care in approaching the track. He is sustained by two other traveling salesmen, who testify that they crossed the track from time to time and found it in the same condition as that testified to by Church, and that they also thought the track had been abandoned and was not used for the operation of trains. Photographs taken three weeks after the accident were submitted to the jury as evidence of the same facts, they viewed the locality, and found a verdict in favor of Church, which the circuit court refused to set aside.

The issue involved lies within extremely narrow limits.

The court declined to give a number of instructions offered by the defendant company's counsel, drawn in accordance with well established precedents, to the effect that tracks of a railroad company are a proclamation of danger; that a traveler approaching a railroad crossing should look and listen for approaching trains; that he must assume that there is danger; that the mere failure to have a sign board at a crossing will not excuse the negligence of the traveler; and that if they believed that Church's negligence contributed to the injury he could not recover. In lieu thereof the court instructed the jury that Church could not recover if he knew, or ought to have known, that the track was in use and had not been abandoned, using this language:

"The court instructs the jury that if they believe from the evidence that the plaintiff knew, or in the exercise of reasonable care ought to have known, a reasonable time prior to the accident and in time to avoid it, that he was

approaching the track of a railroad on which trains were being operated; and if you further believe he had, or ought to have had, such knowledge, and did approach and go upon said track and was struck and injured, then he was guilty of contributory negligence, and you must find for the defendant."

It is apparent, therefore, that the judge of the trial court was of opinion, as a matter of law, that Church was not entitled to recover if he knew, or should have known, that he was approaching the track of a railroad on which trains were operated, and not an abandoned track, and the instruction given was more favorable to the company than any of the fourteen instructions which were refused.

Among other instructions given by the court at the instance of Church, presenting his view to the jury, is instruction No. 3, reading as follows: "The court instructs the jury that, although they may believe from the evidence that Mr. Church may have known as a boy twelve or thirteen years of age that trains were being operated on the track of the defendant over the crossing in question, yet, if the jury believe from the evidence that from the time he was about thirteen years of age until about a year before the accident Mr. Church lived in Norfolk, and did not have any knowledge in reference to said railroad track during said interval; that during the period of about one year preceding the accident the plaintiff passed over said crossing about a dozen or fifteen times, and that at each time he crossed it during said latter period up to the time of the accident the track was covered with sand and dirt, the rails appeared to be rusty, that the road was a public highway and the tracks of the defendant crossed it at the same level, and that the railroad company did not maintain at said crossing the signal board described in Instruction No. 1, and that the conditions within his knowledge were such as to lead a reasonably prudent man to believe that trains

92

were no longer run over said track, and that Mr. Church did so believe, then the jury (are) instructed that Mr. Church was not guilty of contributory negligence in going upon the track in question without looking and listening for a train or taking any precaution for his safety, unless the jury believe from the evidence that he actually heard any warning signal that may have been given in time to avoid the accident, or that he had actual knowledge of the approach of the said train, in time to have escaped it.

"As one of the elements in determining whether Mr. Church knew or ought to have known that trains were being run on said track at the time of the accident, the jury are instructed that he had the right, if he were then without knowledge such as would inform a reasonably prudent man to the contrary, to assume that the railroad company would obey the statute law of Virginia, and place a signal board such as is described in Instruction No. 1, at said crossing, if it were using said track for the operation of trains thereon, if the jury shall believe from the evidence that the road was a public highway and crossed the tracks of the defendant at the same level."

These two instructions clearly presented the controlling issue of fact to the jury, and they also present the question of law which this court must determine.

While the warning sign was not necessary to inform Church that he was approaching the crossing, because he already knew it, still its absence was most significant as confirmatory of the other indications that the track had been abandoned and that the crossing was no longer dangerous. The concealed and dirt-covered rails alone on a much-traveled dirt highway would have been insufficient to justify the assumption that the track had been abandoned; so too the small and rusty rails, with undergrowth so near the track (for these conditions are not unusual); but when the impressions created by these indications of

abandonment were confirmed by the absence of the warning sign, which is both customary and required by the statute, it cannot be maintained as a conclusion of law that the court erred in submitting the question to the jury. Such warning sign could have been seen 300 yards distant from the crossing. Its absence may or may not have been the proximate cause of the accident. If fair-minded men might honestly differ as to this, then we cannot, without violating salutary principles of law, merely because we might differ with the conclusions of the jury, sanctioned by the trial court, invade their province to determine debatable questions of fact. *City of Norfolk* v. *Anthony,* 117 Va. 777, 86 S. E. 68.

The case is unique, and the question is not free from difficulty. Upon principle, however, it seems to us that the court properly stated the law and presented the issue of fact to be decided to the jury. That a railroad track across a highway is itself a proclamation of danger, and that travelers approaching such crossing on the highway must exercise proper precautions for their own safety, is perfectly well settled in this country. Even though the company may be guilty of negligence, the traveler cannot recover if his own neglect to take such proper precautions proximately contributed to his injury. In order to constitute such proclamation of danger, however, under this just rule of law, the company should not do, or omit to do, anything which is likely to disarm the traveler and reassure him of his safety. The reason of the law fails if the tracks in fact and beyond all question have been abandoned. If the rails were so covered with earth as not only to be invisible on the highway bed, but to convey the impression that the track was not in use by trains; if, in addition to this, the rails themselves were rusty, obscured by vegetation growing close to them; and if there was no crossing signal board;

then these combined circumstances presented a question to be submitted to the jury to determine whether or not a prudent man exercising due care commensurate with the danger to be apprehended, in approaching such a track, would apprehend danger, or would feel assured of his safety because of the absence of the crossing sign, together with such other surrounding conditions.

Paraphrasing some of the language of Buchanan, J., in *Atlantic & Danville R. Co.* v. *Reiger,* 95 Va. 427, 28 S. E. 590, who was referring to the statute requiring the sounding of a locomotive whistle before crossing a public highway, this may be said: The defendant, as it admits, was guilty of negligence in failing to construct and maintain the proper signal board at the crossing, for the statute, sub-section 49 of section 1249-d, Pollard's Code, is mandatory and requires crossing signs to be erected and maintained. The object of the statute is to protect human life and as the injury to the plaintiff was especially such as the maintenance of the sign board was intended to prevent the presumption arises that the injury may have been caused by such neglect, unless the plaintiff's own fault is manifest. Whether this negligence was or was not the cause of the injury must be determined from all the facts and circumstances of the case. The legislature has determined that the sign board must be erected, and it is not for the court or the jury to determine that some other method is equally as good. The question which the jury had to determine was not whether knowledge conveyed by one means is as good as another, but whether or not, under all the circumstances of the case, including the fact that the sign board had not been erected in the manner required by the statute, the injury was proximately caused by the defendant's negligence alone, or by the combined negligence of both plaintiff and defendant.

It may be an unnecessary repetition, and yet the issue raised in this case suggests a restatement of the doctrine so clearly stated by Cardwell, J., in *Norfolk* v. *Anthony*, 117 Va. 777, 86 S. E. 68, namely, that it is well settled by the Supreme Court of the United States and this court by practically an unbroken line of decisions, "that negligence only becomes a question of law to be taken from the jury when the facts are such that fairminded men can only draw one inference therefrom. If fairminded men, from the proofs submitted, may honestly differ, as to the negligence charged, the question is not one of law, but one of fact to be determined by the jury under proper instructions from the court." *Grand Trunk R. Co.* v. *Ives*, 144 U. S. 417, 12 Sup. Ct. 679, 36 L. Ed. 485; *R. & D. R. Co.* v. *Powers*, 149 U. S. 43, 13 Sup. Ct. 748, 37 L. Ed. 642; *Northern Pac. R. Co.* v. *Everett*, 152 U. S. 107, 14 Sup. Ct. 479, 38 L. Ed. 373; *McDermott* v. *Severe*, 202 U. S. 600, 26 Sup. Ct. 709, 50 L. Ed. 1162; *Winchester* v. *Carroll*, 99 Va. 742, 40 S. E. 37; *Fisher* v. *C. & O. Ry. Co.*, 104 Va. 635, 52 S. E. 373, 2 L. R. A. (N. S.) 954; *Cardwell* v. *N. & W. Ry. Co.*, 114 Va. 512, 77 S. E. 612; *Higgins* v. *Southern Ry. Co.*, 116 Va. 890, 83 S. E. 380.

Another question raised was the failure of the court, through inadvertence, to read an instruction to the jury, referring to the burden of proof, which the court at the instance of the defendant intended to read. The court certifies, however, that the case was argued before the jury by the opposing attorneys upon proper assumptions as to the burden of proof as stated in the instruction. While such an inadvertence might and would probably be reversible error as to many instructions, and in most cases, still in this case there is no reason to suppose that the company was injured by the inadvertence of the judge combined with the inattention or inadvertence of the attorneys on both sides in

failing to read or to have this instruction read to the jury, because it is inconceivable that the competent attorneys who argued this 'case left the jury in any doubt whatever as to the burden of proof.

Upon the whole case, it appears that the material issue of fact which the record presents was properly submitted to the jury, and that this court cannot disturb the judgment without ignoring the well settled doctrines referred to.

*Affirmed.*