## Richmond.

## RATCLIFFE V. MCDONALD'S ADMINISTRATOR.

### November 14, 1918.

### Absent, Prentis, J.

1. DEMURRER—*Notice of Motion.*—In the instant case, a motion for judgment to recover damages for the death of plaintiff's intestate, there was no motion to quash the notice of motion, but counsel for defendants merely stated in the grounds of defense that the notice "does not in law sufficiently state a case; hence subject to demurrer." To say that a pleading is subject to demurrer, even in a proceeding by motion, cannot be said to constitute a demurrer to such pleading.

2. PLEADING—*Married Women—Christian Name.*—In a proceeding by motion for judgment to recover damages for the negligent killing of plaintiff's intestate against a husband and wife, the wife should be impleaded by her own *baptismal,* or *Christian, name,* and not by the initial letters of her husband's name; the former is her legal designation.

3. DEATH BY WRONGFUL ACT—*Contributory Negligence—Parent and Child.*—In the instant case a proceeding by motion to recover damages for the negligent killing of plaintiff's intestate, a child about four years of age, there was evidence tending to show that the negligence of plaintiff proximately contributed to the accident, and under the statute of distributions the recovery would inure to his benefit.

   *Held:* That it is settled law in this jurisdiction that in such a case plaintiff could not recover.

4. INSTRUCTIONS—*Directing Verdict—Instructions Not Covering Whole Case.*—In a proceeding by motion against husband and wife to recover for the negligent death of plaintiff's intestate, an instruction concluded with the direction that the jury should find for the plaintiff against both defendants, if they believed from the evidence the facts upon which the instruction was predicated. The rule is that where an instruction so concludes it is bad unless it covers every phase of the case that is supported by evidence. The instruction in question ignored that rule, in that it left out of consideration the ques-

tion of the contributory negligence of plaintiff as affecting his right to recover at all, and therefore should have been refused.

5. DEATH BY WRONGFUL ACT—*Measure of Damages.*—Code of 1904, section 2903, provides that "the jury in any such action may award such damages as to it may seem fair and just, not exceeding ten thousand dollars." No other restriction is placed upon the jury, and it was intended to leave the jury to fix the damages at such sum as the evidence in the particular case seemed to indicate was "fair and just," not exceeding $10,000, and an instruction given in language frequently approved by the Supreme Court of Appeals and intended simply as an aid to the jury in arriving at a verdict in accordance with the provision of the statute, is not erroneous.

6. DEATH BY WRONGFUL ACT—*Measure of Damages—Case at Bar.*—Accordingly, in the instant case, it was not error to instruct the jury that in ascertaining the damages that the plaintiff is entitled to recover, they should find the same with reference: "First: To the pecuniary loss sustained by the father and the mother of the deceased, and the (6) one brother and five sisters of the deceased, fixing such sum as would be equal to the probable earnings of the deceased child, taking into consideration his age, intelligence, and health, during what would have been his lifetime, if he had not been killed. Second: In ascertaining the probability of life of the deceased, the jury have the right to determine the same with reference to recognized scientific tables relating to the expectation of human life. Third: By adding thereto compensation for the loss of his care, attention and society to his father and mother, and his brothers and sisters. Fourth: By adding such further sum as they may deem fair and just by way of solace and comfort to his father and mother, and brothers and sisters, for the sorrow, suffering and mental anguish occasioned to them by his death."

7. APPEAL AND. ERROR—*Instructions—Exception to Instructions.*—A general exception to all of a number of instructions, followed by specific objections to each, is a sufficient compliance with the statute; and to require a separate certificate, signed by the judge, to be appended to each instruction given or rejected, would introduce an inconvenient rule of practice not required by the statute, and needlessly incumber the record without any resultant benefit.

8. AUTOMOBILES—*Presumption that Pedestrian Will Use Ordinary Care—Children.*—The driver of an automobile may have a right to presume that a person of responsible age and ap-

parently in possession of his faculties, will exercise ordinary care for his own protection, and will not negligently or recklessly expose himself to danger. But a driver has no right to indulge such presumption in the case of a child only four years of age.

Error to a judgment of the Circuit Court of Rockbridge county, in a proceeding by motion for judgment for damages. Judgment for plaintiff. Defendants assign error.

*Reversed.*

The opinion states the case.

*O. B. Harvey, John Critcher* and *O. C. Jackson,* for the plaintiff in error.

*R. R. Ruff, J. H. May* and *Charles Curry,* for the defendant in error.

WHITTLE, P., delivered the opinion of the court.

J. L. McDonald, administrator of his son, Ash Mankin McDonald, deceased, brought this notice against J. K. Ratcliffe and "Mrs. J. K. Ratcliffe" to recover $10,000 damages for the alleged negligent killing of plaintiff's intestate (a child about four years old) in driving their automobile against the person of intestate and crushing his body between the car and the steps to the store porch of the defendant, J. K. Ratcliffe, fronting on a public street in the town of Goshen.

The jury returned a verdict for the plaintiff against both defendants, upon which the court rendered the judgment under review.

The defendants reside at Goshen, where the husband is engaged in the mercantile business, in the store house where the accident happened. Since our decision must

turn chiefly upon the action of the court in giving and refusing instructions, we only deem it necessary to state so much of the evidence as tends to elucidate the ruling of the court in that regard.

A few months previous to the accident, J. K. Ratcliffe purchased an automobile for the pleasure and entertainment of himself and family; and his wife having received some instruction in running the machine, was permitted by her husband to use it for her own diversion whenever she desired to do so. J. K. Ratcliffe was in the habit of having the car washed and cleaned by a negro man named Sandy Thomas, who the evidence tended to show was not in his employment but who testified that he rendered this service without charge in order to get a ride now and then. On the day in question he was standing in front of the store near the automobile, when Mrs. Ratcliffe, together with several members of the family, entered it for a drive. Mr. Ratcliffe came out of his store on the porch, and Thomas testified he thinks told him to get on the front seat with his wife, who was at the wheel, and turn the car around for her at the furnace. Shortly afterwards plaintiff, accompanied by three of his children, went to the store to make some purchases. They had left the store and descended the steps of the porch into the street for the purpose of crossing over diagonally to where his wagon and team were standing, the children being "strung out in front of the porch steps," when Mrs. Ratcliffe approached from the rearward in the car. McDonald says he saw the car coming and called the attention of the children to it. The evidence is conflicting in details as to how the accident occurred; but, so it was, the little boy was struck and crushed to death in the manner described.

The assignments of error which claim our consideration are as follows:

1. The first assignment is to the sufficiency of the notice

of motion for judgment. There was no motion to quash the notice, and no demurrer thereto. Counsel for defendants merely states in the grounds of defense that the notice "does not in law sufficiently state a case; hence subject to demurrer."

To say that a pleading is subject to demurrer, even in a proceeding by motion, cannot be said to constitute a demurrer to such pleading. As, however, the judgment has to be reversed on other grounds and remanded for a new trial, we deem it proper to say, that the defendant, Mrs. Ratcliffe, should be impleaded by her own *baptismal,* or *Christian, name,* and not by the initial letters of her husband's name; the former is her legal designation.

2. The second assignment is to the giving of instructions Nos. 1, 2 and 4, at the request of plaintiff.

Instruction No. 1 is as follows: "The court instructs the jury that if they believe from the evidence in this case that the intestate was an infant child under the age of four years when he was killed by the Ratcliffe's car, then the court tells the jury the said child as a matter of law was not capable of being guilty of any negligence that so contributed to his death as to defeat the plaintiff's right to recover in this case. Nor can any negligence of the father, if there was any such negligence in causing the death of the child, be considered by the jury to defeat the plaintiff's right to recover."

There was evidence tending to show that the negligence of plaintiff, J. L. McDonald, proximately contributed to the accident, and under the statute of distributions the recovery would inure to his benefit. In such case it is settled law in this jurisdiction that he cannot recover.

The case of *R. F. & P. R. Co.* v. *Martin's Adm'r,* 102 Va. 201, 45 S. E. 894, is similar in pleading and evidence to the hypothetical case presented by the instruction, and is directly in point. It was there held: "In an action for

99

the benefit of a father, to recover damages for the death of his infant child occasioned by the wrongful act of another, there can be no recovery where it appears that the negligence of the father, or of the custodian of the infant to whom the father entrusted it, proximately contributed to the result." The same principle is enunciated in *Reid* v. *Medley's Adm'r*, 118 Va. 462, 87 S. E. 616.

In this case the verdict of the jury is general and did not specify to whom the recovery should be paid; and, therefore, as observed, by the Virginia statute of distributions, the recovery goes to the father. Code, sec. 2904. Hence, the court erred in giving instruction No. 1.

Instruction No. 2 is as follows: "The court instructs the jury that if they believe from the evidence in this case that the defendant, Mr. Ratcliffe, owned the car which did the mischief; that the negro chauffeur, Sandy Thomas, was in the car with the defendant, Mrs. Ratcliffe, and by her side to assist her at the instance of Mr. Ratcliffe at the time the mischief happened; that the negro chauffeur by the exercise of ordinary care on his part could have avoided the mischief, either by the use of the steering wheel or the emergency brake of the car, and that he negligently failed to exercise such ordinary care, and if they believe that Mrs. Ratcliffe negligently ran the car against the intestate and killed him, then the jury must find a verdict against both of the defendants."

This instruction concludes with the direction that the jury shall find for the plaintiff against both defendants, if they believe from the evidence the facts upon which the instruction is predicated. The rule is that where an instruction so concludes it is bad unless it covers every phase of the case that is supported by evidence. The above instruction ignores that rule, in that it leaves out of consideration the question of the contributory negligence of plaintiff as affecting his right to recover at all. For these reasons, instruction No. 2 should have been refused.

Instruction No. 4 reads: "The jury are instructed that if they find for the plaintiff, in ascertaining the damages that the plaintiff is entitled to recover, they shall find the same with reference:

"First—to the pecuniary loss sustained by the father and the mother of the deceased, and the (6) one brother and five sisters of the deceased, fixing such sum as would be equal to the probable earnings of the deceased child, taking into consideration his age, intelligence, and health, during what would have been his life time, if he had not been killed.

"Second—In ascertaining the probability of life of the deceased, the jury have the right to determine the same with reference to recognized scientific tables relating to the expectation of human life.

"Third—By adding thereto compensation for the loss of his care, attention and society to his father and mother, and his brothers and sisters.

"Fourth—By adding such further sum as they may deem fair and just by way of solace and comfort to his father and mother, and brothers and sisters, for the sorrow, suffering and mental anguish occasioned to them by his death."

The statute provides that "the jury in any such action may award such damages as to it may seem fair and just, not exceeding ten thousand dollars." No other restriction is placed upon the jury, and it was intended to leave the jury to fix the damages at such sum as the evidence in the particular case seemed to indicate was "fair and just," not exceeding $10,000, and the instruction given is in language which has been frequently approved by this court, and is intended simply as an aid to the jury in arriving at a verdict in accordance with the provision of the statute. We have no disposition to depart from our former rulings on the subject. *Pocahontas Collieries Co.* v. *Rukas' Adm'r*, 104 Va. 278, 51 S. E. 449; *Portsmouth R. Co.* v. *Peed's*

*Adm'r,* 102 Va. 662, 47 S. E. 850; *Norfolk & W. R. Co.* v. *Cheatwood's Adm'x,* 103 Va. 356, 49 S. E. 489.

But it is insisted that this assignment of error cannot be availed of at all, because the exception was to the instructions *as a whole.* A general exception to all of a number of instructions, followed by specific objections to each. is a sufficient compliance with the statute; and to require a separate certificate, signed by the judge, to be appended to each instruction given or rejected, would introduce an inconvenient rule of practice not required by the statute, and needlessly incumber the record without any resultant benefit.

3. The third assignment is to the refusal of the court to give defendant's instructions Nos. 10 and 11.

Instruction No. 10 is as follows: "The court instructs the jury that an automobile is not considered a dangerous instrumentality, requiring more than ordinary care, under the circumstances, in its operation and use; that while using ordinary care and complying with the statutes the driver of an automobile has a right to use the public highways; and that he has the right to presume that every person whom he meets on the highway will exercise ordinary care and caution, according to the circumstances, and will not negligently or recklessly expose himself to danger."

The court did not err in rejecting this instruction. Taken as a whole it is misleading and inapplicable to the facts of this case. The driver of an automobile may have a right to presume that a person of responsible age, and apparently in possession of his faculties, will exercise ordinary care for his own protection, and will not negligently or recklessly expose himself to danger. But a driver has no right to indulge such presumption in the case of a child only four years of age. . .

Instruction No. 11, refused by the court, reads: "The court instructs the jury that if they believe from the evi-

dence that the father of the intestate was present at the time of the injury; that he failed to exercise ordinary care for the protection of the intestate; and that said parent's negligence in this respect contributed to the injury, then there can be no recovery, although they may believe the defendants also negligent."

What has already been said in connection with the action of the court in giving instruction No. 1, at the request of plaintiff, shows that it erred in refusing to grant instruction No. 11.

Our conclusions upon the foregoing assignments of error, and the reasons given, show that the verdict of the jury must be set aside and the judgment reversed, and the case remanded for a new trial to be had therein not in conflict with the views expressed in this opinion.

Most of the other assignments of error relate to incidents of minor importance that transpired during the trial and which are not likely to recur at another trial, and, therefore, need not be discussed. It is due, however, to the honorable judge who presided at the trial of the case below to say, that the suggestion that he indulged in derogatory remarks to Mrs. Ratcliffe while testifying in her own behalf is a misconception of that occurrence. She was a nervous, hysterical witness, and the evident purpose of his honor was to quiet her agitation and enable her to testify calmly and coherently.

The fact that a new trial must be had on other grounds renders it unnecessary, if indeed it would be proper, to pass upon the remaining assignment of error, that the verdict is contrary to the law and the evidence.

*Reversed.*