Syllabus.

𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

ATLANTIC COAST LINE RAILROAD CO. V. TYLER.

March 13, 1919.

1. APPEAL AND ERROR—*Demurrer to Evidence Rule—Conflicting Evidence.*—Where the evidence is conflicting the verdict of the jury is conclusive on the Supreme Court of Appeals, and will not be disturbed unless some harmful error of law was committed by the trial court.

2. CROSSINGS—*Gates—Presumptions and Burden of Proof.*—There is a presumption growing out of the fact that gates were erected at a crossing, that they were erected in obedience to a city ordinance, relating to gates at crossings.

3. APPEAL AND ERROR—*Objection for the First Time on Appeal.*—In an action for injuries at a crossing, plaintiff introduced a city ordinance relating to gates which were to be erected when deemed necessary and required by the committee on streets. It was objected that there was no evidence in the record to show that the committee on streets ever required the gates to be erected and maintained. It was held a sufficient answer to this objection that this point was not made at the time the ordinance was introduced. The defendant at the trial simply made a general objection to the introduction of the ordinance without specifying any ground therefor. If the question had been raised in the trial court, the court would have doubtless excluded the evidence until the facts with reference thereto had been ascertained, but such a point cannot be raised for the first time on appeal.

4. CROSSINGS—*Ordinance—Ordinance as to Gates—Duty of Company to Obey Ordinance.*—In an action for injuries at a crossing, defendant objected to an instruction which told the jury that it was the company's absolute duty to obey the ordinance in regard to gates at the crossing, whereas the jury should have been instructed that the company was bound to exercise ordinary care to obey it.

*Held:* That the objection was without merit. It is the absolute duty of all to obey valid statutes and ordinances enacted for the protection of human life, and the failure to do so if this be the sole proximate cause of an accident is negligence which will sustain a recovery.

5. CROSSINGS—*Speed of Train—Negligence.*—In an action for injuries at a crossing, the jury were instructed that if the train which struck plaintiff was operated at a rate of speed greater than four miles an hour, the rate fixed by an ordinance of the city, this was negligence; and, that if they believed that this negligence was the proximate cause of the accident and that the plaintiff was free from negligence, then they must find for the plaintiff.

*Held:* No error

6. LAST CLEAR CHANCE—*Instructions—Case at Bar.*—In the instant case, the jury were instructed that if by the exercise of ordinary care the servants of the defendant in charge of the train, or the gate keeper in charge of the gates, could, after the peril of the plaintiff had been discovered, by the use of ordinary care have prevented the accident, then it was their duty to do so.

*Held:* There was sufficient evidence in the record to sustain this instruction.

7. CONTRIBUTORY NEGLIGENCE—*Presumptions and Burden of Proof.*—The burden of proving plaintiff's contributory negligence is upon defendant, unless it appears from plaintiff's evidence.

8. INSTRUCTIONS—*Repetition.*—It is unnecessary and improper to repeat and emphasize propositions of fact and law which have already been clearly and sufficiently stated to the jury.

9. INSTRUCTIONS—*Must be Based on the Evidence.*—An instruction is properly refused where there is no evidence to support the fact suggested by it.

10. INSTRUCTIONS—*Repetition.*—An instruction based upon a theory that the evidence supports was properly refused where the jury had already been sufficiently instructed on that point.

Error to a judgment of the Hustings Court, Part II, of city of Richmond, in an action of trespass on the case. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*E. P. Cox, Wm. B. McIlwaine* and *Bernard Mann,* for the plaintiff in error.

*Nunnally & Miller,* for the defendant in error.

PRENTIS, J., delivered the opinion of the court.

The Atlantic Coast Line Railroad Company complains of a verdict and judgment in favor of Mattie Tyler, in an action to recover damages for personal injuries alleged to have been sustained by her.

The substantial facts as shown by the plaintiff's evidence are, that she was being driven in a buggy from Manchester to her home in the country shortly after midnight; that when she reached the three tracks of the company crossing Hull street, the gates were up; and that just as the horse crossed the third of the railroad tracks going towards Swansboro, the gate was lowered in front of the horse which prevented him from going further; and that while thus stopped on the track a freight train, coming from the south, which consisted of eighteen cars and an engine, being pushed backwards, collided with the buggy and caused her injuries. The evidence submitted in her behalf also tended to show that although the crossing was fairly lighted, she could not at night see far down the track in the direction from which the train was coming, and that no warning signals of any kind were given.

The company's evidence tends to prove that the gates on the Swansboro side of the track were already lowered and that at the time the buggy was driven between the gates on the Manchester side of the track they were being lowered; that the gateman endeavored to prevent the driver of the buggy from going upon the tracks; and that the train was stopped as quickly as it possibly could have been stopped, after the plaintiff's position of peril was discovered.

[1] These conflicting theories were submitted to the jury. Upon well settled principles their verdict is conclusive on this court, and will not be disturbed unless some harmful error of law was committed at the trial court. *Atlantic Coast Line R. Co.* v. *Church,* 120 Va. 733, 92 S. E. 905, and cases there cited.

The errors of law alleged are:

1.   That the court gave instruction No. 1 for the plaintiff reading thus: "The court instructs the jury that under the ordinance of the city of Richmond it was the duty of the defendant to provide and erect vertical arm gates at this crossing of its track over Hull street, and it was the further duty of the said defendant to erect and maintain the said gates, and to provide for the closing of them at the approach of engines or trains so as to prevent accident and the failure to perform the duty set forth above is negligence; and if you believe from the evidence that the defendant failed to perform the said duty and the said failure was the proximate cause of the accident to the plaintiff, without negligence on her part, then you must find for the plaintiff."

[2, 3]   Two points are made against this instruction. One is that the ordinance which was introduced relates to gates which are to be erected when deemed necessary and required by the committee on streets, and that there is no evidence in the record to show that the committee on streets ever required these gates to be erected and maintained.   A sufficient answer to this objection is that this point was not made at the time the ordinance was introduced.   The defendant at the trial simply made a general objection to the introduction of the ordinance, without specifying any ground therefor.   There is a presumption growing out of the fact that the gates were erected, that they were erected in obedience to this ordinance, and if the question had been raised in the trial court which is raised here, the court would doubtless have excluded the evidence until the facts with reference thereto had been ascertained. Such a point cannot be raised for the first time in this court.

[4]   The other objection to the instruction is, that instead of telling the jury that it was the company's absolute duty to obey the ordinance, they should have been instructed

that the company was bound to exercise ordinary care to obey it. The suggestion is without merit. It is the absolute duty of all to obey valid statutes and ordinances enacted for the protection of human life, and the failure to do so if this be the sole proximate cause of an accident is negligence which will sustain a recovery. The instruction followed the ordinance and is correct. *Atlantic & Danville R. Co.* v. *Reiger,* 95 Va. 427, 28 S. E. 595; *A. C. L. Co.* v. *Church, supra.*

[5] 2. The second instruction complained of was one given for the plaintiff, and related to the speed of the train, and told the jury that if the train was operated at a rate of speed greater than four miles an hour, the rate fixed by an ordinance of the city, then this was negligence, and that if they believed that this negligence was the proximate cause of the accident and that the plaintiff was free from negligence, then they must find for the plaintiff. No authority is relied upon to support this objection, and we find no error in the instruction.

[6] 3. The third instruction relates to the last clear chance doctrine, and the jury were told that if by the exercise of ordinary care the servants of the defendant in charge of the train, or the gate keeper in charge of the gates, could, after the peril of the plaintiff had been discovered, by the use of ordinary care have prevented the accident, then it was their duty to do so. There is sufficient evidence in the record to sustain this instruction.

[7] 4. The other instruction complained of relates to the defense of contributory negligence, and shows that the burden of proving the plaintiff's contributory negligence is upon the defendant, unless it appears from the plaintiff's evidence. This instruction, in substantially this form, has been many times approved by this court.

[8] 5. The defendant complains of the refusal of the court to give instruction No. 7, offered in its behalf. It is

sufficient to say as to this that the court had already given at the instance of the defendant six instructions which fully and sufficiently instructed the jury as to the defendant's theory, and it was unnecessary and improper to repeat and emphasize propositions of fact and law which had already been clearly and sufficiently stated to the jury.

[9, 10] 6. Instruction No. 8, which was offered by the defendant and refused, seems to be based in part upon the supposition that the gates on the Swansboro side were being let down at the time the buggy was driven upon the tracks on the Manchester side. There is no evidence submitted by the defendant tending to prove this. The company undertook to prove by several witnesses that the gates on the Swansboro side were already down, and that the gates on the Manchester side were being let down at the time referred to and upon this evidence rested its defense. The instruction was properly refused because there was no evidence to support the fact thereby suggested. Another part of the same instruction is based upon the theory that the evidence does support, namely, that the gates on the west or Swansboro side were already down at that time, but as the jury had already been sufficiently instructed on this point in instruction No. 5 which the court did give such repetition was unnecessary. In that instruction, No. 5, they were clearly and distinctly told that if the gates on the west or Swansboro side were down and the gates on the east or Manchester side were being lowered (and the evidence of the defendant tended to prove that state of facts), then the plaintiff could not recover.

Upon the whole case, it seems to us that the jury were sufficiently instructed, and that no harmful error is shown.

*Affirmed.*