## CIRCUIT COURT OF FAIRFAX COUNTY

Amoco Oil Co.

v.

Zoning Appeals Board of the
City of Fairfax
and the City of Fairfax

February 5, 1993

Case No. (Chancery) 119659

### BY JUDGE J. HOWE BROWN

This case is before the Court on a Writ of Certiorari filed by Petitioner, Amoco Oil Company. Amoco appeals a January 8, 1991, ruling by Respondent Board of Zoning Appeals for the City of Fairfax ("BZA") denying a Special Use Permit for the addition of two petroleum storage tanks to existing terminal facilities in the City of Fairfax. The property at issue is zoned I-2 (heavy industrial) and at present contains six bulk petroleum storage tanks, loading areas and a number of related facilities. (Record # 21, pp. 1–2.)[1]

Amoco contends that the BZA voted to deny its application for a Special Use Permit ("SUP") despite the contention that its proposal conformed with all guidelines established by the City for future additions to the tank farm and would actually improve safety at the site. (Brief in Support of Petition for Writ of Certiorari, at 1–2.) In 1978,

---

[1] References to "the Record" in this case are to Exhibit A of the Verified Return, the official record transmitted to this Court by the BZA. The parties have stipulated to its accuracy.

the City granted a SUP to add Tank # 6 to the tank farm facility and adopted the National Fire Protection Association (NFPA) standards for future tank construction. (Record # 1, pp. 143–44; Record # 21, pp. 2–3.) Amoco alleges that no expert witnesses or reports were presented at the BZA hearing to show that the proposed use failed to adhere to any recognized safety standard and asserts that the Chief of Fire and Rescue Services for the City recommended approval of the application subject to certain conditions, which were acceptable to Amoco. (Record # 21, Attachment 7.) Amoco takes the position that the BZA applied incorrect principles of law and arbitrarily denied the SUP application without any factual basis, relying instead upon community fears stemming from an unrelated incident that occurred at the tank farm site, and upon the City's Comprehensive Plan, which discouraged further industrial development of the site.

Respondents the BZA and the City of Fairfax dispute Amoco's assertions, and argue that the BZA considered all of the factors required by the zoning ordinance and the criteria for review of SUP applications. Respondents also assert that Amoco has misinterpreted the law regarding SUP applications, and that Amoco had ample opportunity to present any witnesses it desired to the BZA in support of its application, which Respondents believe was properly denied.

After careful review of the evidence and the arguments of counsel, this Court finds that no compelling reason exists to overturn the decision of the Board of Zoning Appeals. Virginia law is well-settled that the standard of review for a BZA decision in certiorari proceedings is not *de novo*, but rather rests upon a presumption of reasonableness. Va. Code § 15.1–497. The BZA's decision is presumed correct, and may be reversed only if it can be demonstrated that the BZA applied incorrect principles of law or was plainly wrong and in violation of the applicable zoning ordinance(s). *See, e.g., Cook v. City of Falls Church*, 244 Va. 107 (1992); *Ames v. Town of Painter*, 239 Va. 343 (1990); *see also National Mem. Park v. Board of Zoning Appeals*, 232 Va. 89 (1986). In cases involving SUP applications, the BZA acts in a legislative capacity. The power to grant a SUP application is essentially a delegated state power to set aside a certain category of use. These special uses are to be permitted only after being submitted to governmental scrutiny, in order to protect neighboring properties and the public. *Fairfax County v. Southland*, 224 Va. 514 (1982). The presumption of reasonableness stands until surmounted by probative evi-

dence to the contrary, which the challenger has the burden of proving by showing both that the existing ordinance as applied to his land is unreasonable and that the requested use is reasonable. If the challenger presents such probative evidence, then the BZA must meet the challenge with some evidence of reasonableness. The BZA does not have to show reasonableness in such a case by a preponderance of the evidence, but must merely do enough to convince the trier of fact that the question was "fairly debatable." *City of Richmond v. Randall*, 215 Va. 506 (1975).

Applying the law to the instant case, this Court finds that Amoco has not clearly demonstrated an abuse of discretion on the part of the BZA in denying the SUP application. While Amoco's proposed use may have been in compliance with the existing zoning for the property, in examining all of the evidence it is apparent that the BZA considered a number of factors in determining whether to grant the SUP application and determined that it did not meet a number of the SUP criteria set out in § 26–103(c) of the Code of the City of Fairfax. There were certainly a number of letters submitted to the BZA by area homeowner's associations and local residents in connection with the application, but a review of these indicates that they raised many of the issues germane to the SUP review process, and there is certainly no evidence that the BZA gave them any more consideration than other submissions. (Record # 4, 8, 12, 13, 14, 17, 18, 19.) Furthermore, the Acting Zoning Administrator submitted a memorandum to the BZA in which she detailed staff opposition to Amoco's application and recommended against approval. (Record # 21, pp. 1–8.)

A proposed use requiring a SUP is not a use by right justified solely by an applicant's adhering to applicable zoning regulations. Rather, it is a use that is prohibited *unless* an applicant obtains a permit. *See* discussion *supra*. Amoco was allowed the opportunity to present all matters it desired and any witnesses it wished at the BZA hearing. However, Amoco's contention that the BZA improperly relied on the City's Comprehensive Plan to the exclusion of other evidence is unsupported by the Record[2], and there is no evidence that the comprehensive plan was the basis for the decision. In fact, it is clear that the BZA applied at least five of the SUP criteria, deliberated on the merits

---

[2] In fact, Amoco itself discussed the Comprehensive Plan on a number of occasions during the hearing before the Board. (Record # 45, pp. 14, 22, 23.)

of the application, both favorable and unfavorable, and came to the decision that Amoco's proposed use was deficient in a number of areas. (Record # 45, pp. 135–140.) This is the very essence of the process, and there is no evidence that the BZA abused its authority.