# CIRCUIT COURT OF LOUDOUN COUNTY

Richard Colandrea

v.

Zoning Appeals Board
of the Town of Middleburg

January 5, 1998

Case No. (Law) 19350

BY JUDGE JAMES H. CHAMBLIN

This case is before the Court on a petition for a writ of certiorari filed by Richard Colandrea for a judicial review of a determination by the Board of Zoning Appeals of the Town of Middleburg ("BZA") affirming a decision by the Zoning Administrator that, under the 1995 Middleburg Zoning Ordinance, the Petitioner is precluded from erecting a wall or fence along his front property line. After consideration of the pleadings, the return of the BZA, the transcript of the BZA hearing on June 4, 1997, the memoranda, the stipulation, and the arguments of counsel on December 22, 1997, the BZA decision is affirmed for reasons that follow.

*Relevant Facts*

Colandrea owns two contiguous properties, known a 103 and 107 Walnut Street, in the Town of Middleburg. There is a single-family dwelling on each property. Both properties are located in the R-2 Zoning District of the Town as set forth in the 1995 Zoning Ordinance.

In the early part of 1997, Colandrea began to replace a stockade fence located on the front property line at 103 Walnut Street. He began the construction of a new concrete, stucco, and stone wall to replace the fence by first digging trenches for the pouring of concrete footers. The proposed wall would range in height from two to eight feet.

On March 6, 1997, after observing a trench approximately one hundred feet long, one foot in width, and two feet in depth, the Zoning Administrator advised Colandrea that the 1995 Ordinance required a zoning permit. After Colandrea applied for a zoning permit, he was advised by the Zoning Administrator by letter dated March 10, 1997, that a zoning permit was required for "substantial excavation" and that the 1995 Ordinance precluded fencing in the front yard of the property. The Zoning Administrator returned Colandrea's application for a zoning permit.

Colandrea appealed the Zoning Administrator's decision to the Board of Zoning Appeals for the Town of Middleburg. After a hearing on June 4, 1997, the BZA voted to affirm the decision of the Zoning Administrator. Colandrea subsequently filed this petition for writ of certiorari for this Court to review the BZA decision pursuant to Virginia Code § 15.1-497, now Virginia Code § 15.2-2314.

### Legal Analysis

The parties offered a considerable amount of evidence about the following:

1. The lengthy history of fences and walls in front yards of other properties in the Town of Middleburg;

2. Other fences and walls currently existing in such front yards;

3. The "good design" and the aesthetically pleasing characteristics of the proposed wall;

4. The fence provisions of the 1972 Zoning Ordinance which were in effect prior to the 1995 ordinance; and

5. The amendments to the 1995 ordinance concerning fencing adopted by the Town Council in May 1997 while Colandrea's appeal to the BZA was pending.

All of the above is interesting, but it is not relevant to a judicial review of the BZA's decision. What is relevant is the language of the 1995 ordinance and how it applies to Colandrea's proposed construction of a wall along his front property line.

The legal principles applicable to a judicial review of a BZA decision are well established:

1. The BZA decision is presumed to be correct.

2. A BZA decision can only be reversed or modified upon a showing by the appealing party that the board applied erroneous principles of law or that its decision is plainly wrong and in violation of the purpose and intent of the zoning ordinance. *Foster v. Geller*, 248 Va. 563, 566 (1994).

The interpretation and construction of the 1995 ordinance are also involved in this judicial review. The legal principles relevant to the construction of a zoning ordinance are also well established:

1. The words of the ordinance are to be given their plain and natural meaning. *McClung v. County of Henrico*, 200 Va. 870, 875 (1959).

2. The purpose and intent of the ordinance should be considered, but the ordinance should not be extended by interpretation or construction beyond its intended purpose. *Gough v. Shaner*, 197 Va. 572, 575 (1955).

3. In reviewing a BZA decision, "great weight" is given to the interpretation of the ordinance by those officials charged with its administration. *Cook v. Board of Zoning Appeals of the City of Falls Church*, 244 Va. 107, 111 (1992). *See also, Donovan v. Board of Zoning Appeals of Rockingham County*, 251 Va. 271, 273 (1996).

### Zoning Permit Issue

Section 55(a) of the 1995 Ordinance provides:

A zoning permit shall be required before any use may be substantially changed; substantial clearing, grading, or excavation may be commenced; and buildings or other substantial structures may be constructed, erected, moved, or substantially altered.

Section 14(62) of the 1995 ordinance defines a structure as "Anything constructed or erected for use, occupancy or ornamentation."

The "by right" permitted uses in an R-2 zoning district are single-family detached dwellings and public parks. See Section 117 of the 1995 ordinance. Under Section 118 of the 1995 ordinance, the following accessory uses and structures are permitted in an R-2 zoning district:

(a) Home occupations.

(b) Accessory uses and structures customarily appurtenant to a permitted or approved special exception use. Accessory structures shall only be permitted in the side or rear yard.

Colandrea's proposed wall is clearly something constructed or erected for use, occupancy, or ornamentation. Therefore, it is a "structure" as defined in the 1995 ordinance. It is also an "accessory structure" as defined in Section 118(b).

The BZA decision that construction of Colandrea's proposed wall would constitute "substantial excavation" under Section 55(a) is not unreasonable or

plainly wrong. Excavation of a trench one hundred feet long, one foot wide, and two feet deep for footers for a concrete, stucco, and stone fence running two to eight feet in height is substantial.

The BZA determination that a zoning permit would be required under Section 55(a) is correct and the decision is affirmed.

### Fence in Front Yard Issue

As shown above, the proposed fence or wall is an "accessory structure" which is only permitted in a side or rear yard under Section 118(b) of the 1995 ordinance. Therefore, Colandrea cannot locate his proposed fence along the front property line of his property on Walnut Street if the provisions of the 1995 ordinance are given their plain and natural meaning.

The 1995 Zoning Ordinance contains no references to fences or walls except for one section concerning reduced buffers if there is a six-foot fence between properties. *See* Section 211 of the 1995 ordinance. The 1972 Zoning Ordinance considered a fence in excess of ten feet to be a structure. The virtual failure to mention fences in the 1995 ordinance was either intentional or an oversight by the Town Council.

Colandrea argues that the virtual failure to refer to fences in the 1995 zoning ordinance indicates that fences are not regulated in the Town. This is of no help to him because of the "Exclusivity Clause," Section 6, of the 1995 ordinance which provides:

Except as otherwise expressly provided herein, this ordinance shall be deemed exclusive in nature, and only those uses specified shall be permitted in the various zoning districts. If a use if not specified in a zoning district, it shall be prohibited in that district. In the event that a use is not permitted in any zoning district, it may only be permitted after appropriate amendment to the text of this ordinance.

Because a fence is not mentioned separately and is not excepted from the definition of structure in the 1995 ordinance, it is a use prohibited in a R-2 zoning district except to the extent of its use as an accessory structure as allowed under the ordinance. Hence, in this sense, fences are regulated in the Town because they can only be erected as accessory structures as that use is permitted under the 1995 ordinance.

The fence provisions of the prior 1972 zoning ordinance and the May 1997 fence amendments to the 1995 zoning ordinance do not tend to show an

intent by the Town Council that the 1995 ordinance (before the 1997 amendment) allowed fences on property lines. The location of fences in a particular zoning district is a legislative matter. The Petitioner has shown no authority that a landowner has a right to put a fence on his property line. It may be allowed in the zoning ordinances of most other jurisdictions, it may be good zoning practice, and it may be a politically wise decision, but it is not something required by law or by right or by any rule of reason.

Treating fences as accessory structures, and the resultant placement to adhere to set-back requirements, may lead to absurd results. However, if an absurd result does occur, the remedy is not to have this Court rewrite the zoning ordinance to meet the landowner's need (it cannot be done in this proceeding — this Court in this proceeding merely reviews the BZA decision) but to go to the Town Council to seek an amendment to the ordinance.

The intent of the Town Council must be determined by the language of the ordinance. The Petitioner has not shown that the Town Council by the failure to use certain language intended to allow walls in front yards. He has not shown a right to such an interpretation or that it is unreasonable for the Town Council to treat fences as accessory structures in an R-2 zoning district.

Any request that this Court interpret the definition of a structure under the 1995 ordinance as not to include walls or fences would require this Court to ignore the plain language of the ordinance. Clearly, under the language of the ordinance, as demonstrated above, the wall proposed by Colandrea is an accessory structure that is not permitted in the front yard. This latter construction of the ordinance is not unreasonable or irrational.

Whether through oversight or intentional act, the Town Council by the language of the 1995 ordinance showed an intent to prohibit fences and walls in front yards. Whether it was an oversight and needs now to be addressed or whether it was intentional and needs some modification in light of current events, the issue of walls in front yards is a legislative matter for the Town Council.

For the above reasons, the Petitioner has not overcome the presumptive correctness of the BZA decision and has failed to show that the BZA applied erroneous principles of law or that its decision is plainly wrong and violative of the purposes and intent of the 1995 Zoning Ordinance.