JUSTICE KINSER, with whom JUSTICE LACY joins, dissenting.
As the majority correctly notes, the interpretation of the so-called “grandfather clause” is the central controversy in this case. Because I believe that the majority fails to interpret that clause according to its plain, unambiguous terms, I respectfully dissent.
The “grandfather clause” at issue in this appeal provides that “[c]omplete applications for final subdivision approval which have been filed before the close of business on October 9, 1996, which were in compliance with all substantive zoning and subdivision ordinance requirements in effect on that date shall be reviewed in accordance with those requirements.” Hanover County, Va., Subdivision Ordinance No. 96-17, § 8(4)(a) (Oct. 9, 1996). I find the terms of that clause to be plain and unambiguous. Thus, “there is no need for construction by the court; the plain meaning and intent of the enactment will be given it.” Brown v. Lukhard, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985) (citing School Bd. v. School Bd., 219 Va. 244, 250, 247 S.E.2d 380, 384 (1978)); accord Dairy land Ins. Co. v. Sylva, 242 Va. 191, 194, 409 S.E.2d 127, 129 (1991). Thus, to trigger the right of A.G. Bertozzi to have his application for final approval of the subdivision known as “Sugar Maple” reviewed under Hanover County’s prior subdivision ordinances, his application must have been “in compliance with all substantive zoning and subdivision ordinance requirements in effect” before October 9, 1996.
For purposes of this appeal, the relevant substantive requirement in effect before the October 9th deadline was former § 2.7-1 in Title I, Article 5 of the Hanover County Code. That section, along with the definition of the term “subdivision,”* formed the basis for the administrative interpretation known as the “25-acre Rule.” Section 2.7-1 stated that the minimum lot size for a single family dwelling was “2 acres, after the first conveyance all lots must be 10 acres or greater.” The term “conveyance” means the “transfer of title to land from one person, or a class of persons, to another by deed.” Black’s Law Dictionary 333 (6th ed. 1990).
*616 In my view, the provisions of § 2.7-1 required an actual conveyance of the two-acre “first division” lot before a subdivider, such as Bertozzi, could submit an application for final approval of a subdivision utilizing the “25-acre Rule.” Under the “grandfather clause,” compliance with that substantive requirement had to occur before the close of business on October 9, 1996. While I recognize that the County had developed a practice that allowed a subdivider to file an application for final approval before recording the deed evidencing conveyance of the “first division” lot, that practice was not part of the substantive zoning and subdivision ordinance requirements in effect before October 9, 1996. The “grandfather clause” requires compliance with substantive subdivision requirements, not compliance with the County’s prior practice or procedure. Yet, the majority allows Bertozzi’s application for final approval of the subdivision to be reviewed in accordance with that practice.
Notably, Bertozzi’s application was not the only one denied after October 9th because the subdivider failed to record a deed evidencing a “first division” conveyance before submitting an application for final approval. John Howard Hodges, Deputy County Administrator for Hanover County, testified that no one was allowed to record a two-acre “first division” after October 9th. During cross-examination, he reiterated that any applications received before the deadline that did not have the “first division” were not approved. The County’s consistent construction of the “grandfather clause” is entitled to great weight. See Cook v. Board of Zoning Appeals, 244 Va. 107, 111, 418 S.E.2d 879, 881 (1992) (citing Masterson v. Board of Zoning Appeals, 233 Va. 37, 44, 353 S.E.2d 727, 733 (1987)).
Thus, I believe that the circuit court correctly determined that the County’s disapproval of Bertozzi’s application was based on the applicable ordinances and was not arbitrary or capricious. Bertozzi did not convey a “first division” lot prior to the close of business on October 9th. Thus, he did not comply with the substantive subdivision ordinances in effect prior to the October 9th deadline. Additionally, there is no evidence that the County did not consistently interpret and apply the provisions of the “grandfather clause.” For these reasons, I would affirm the judgment of the circuit court.

 A subdivision for tracts of this size was a “division of a tract or parcel of land into three (3) or more parts, any of which contain an area of ten (10) or more acres, but less than twenty-five (25) acres . . . .” Hanover County, Va., Zoning Ordinance Title III, Article 5, § 2-6 (Sep. 27, 1972).