## CIRCUIT COURT OF WARREN COUNTY

Chris S. Ramsey

v.

Zoning Appeals Board
of the Town of Front Royal et al.

June 8, 2005

Case No. (Chancery) 04-346

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on June 8, 2005, on an appeal from a decision of the Front Royal Board of Zoning Appeals that a special use permit was required for the construction of a garage on a lot. Although a portion of the lot was in the flood plain, neither the garage or any improvement appurtenant to its use or construction are in the flood plain. Thomas M. Lawson and Todd D. Bunn, Esquires, appeared for the Petitioner; and Blair D. Mitchell and Robert T. Mitchell, Jr., Esquires, appeared for the Respondents.

### I. Statement of Material Facts

Ramsey resides on a 2.2330 lot in the Town of Front Royal, a portion of which is located in the Approximated Flood Plain District (the "AFD"), as established by § 175-76(D) of the Code of the Town of Front Royal, Virginia. The AFD is that "floodplain area for which no detailed flood profiles or elevation are provided, but where a one-hundred-year

floodplain boundary has been approximated. Such areas are shown as Zone A on the maps accompanying the Flood Insurance Study." Town Code, § 175-76(D). In this instance, a detailed flood profile was undertaken for the property in the vicinity of, and including, the lot. The Flood Insurance Rate Map, Community Panel No. 510167-0001B establishes the one-hundred-year flood elevation at 501.0 feet.

The lot is zoned Residential District R-1, and single family residences and accessory buildings, like the proposed garage, are a permitted use. Ramsey intends to construct a 600 square foot detached garage on his lot. No portion of the garage, nor any of the improvements necessary for the construction and use of the garage are within the AFD.

On September 20, 2004, Ramsey applied to the Town for a Building and Zoning Permit for the construction of the garage on his lot. Pursuant to § 175-134 of the Town Code, a permit must be obtained before any building, structure, or use is started, repaired, reconstructed, enlarged, or altered.

By letter dated September 24, 2004, the Front Royal Zoning Officer denied Ramsey's request for the Permit stating that, pursuant to Town Code § 175-79(1), a special permit is required for the garage. The Town maintains that a special permit is required to build on any parcel which contains a flood plain designation with respect to any portion of the parcel, even if the proposed building and all of the improvements necessary for its construction and use are outside the designated flood plain area.

On October 20, 2004, Ramsey appealed the denial of the Permit to the Board of Zoning Appeals for the Town of Front Royal. The BZA considered the application at its December 14, 2004, meeting. The BZA denied Ramsey's application for the Permit. By correspondence dated December 15, 2004, the BZA notified Ramsey of the BZA's decision denying his application.

On December 30, 2004, Ramsey filed a Petition for Writ of Certiorari and Appeal from the Decision of the Board of Zoning Appeals and Bill of Complaint for Declaratory Relief.

## II. Conclusions of Law

An appeal of a BZA decision to a circuit court is not a trial de novo, and the circuit court's function is limited to examining the scope of the BZA proceeding and considering the correctness of the BZA decision. *Foster v. Geller*, 248 Va. 563, 449 S.E.2d 802 (1994). "The decision of a

board of zoning appeals is presumed to be correct on appeal to a circuit court; the appealing party bears the burden of showing that the board applied erroneous principles of law or was plainly wrong and in violation of the purpose and intent of the zoning ordinance." *Masterson v. Board of Zoning Appeals,* 233 Va. 37, 44, 353 S.E.2d 727 (1987).

Section 175-79(A) of the Town Code provides in pertinent part that "all uses, activities and development occurring within any floodplain district shall be undertaken only upon the issuance of a special use permit." The ordinance is clear and unambiguous. "Where the language in an ordinance . . . is plain and unambiguous, it must be given that plain meaning or intent." *Hanover County v. Bertozzi,* 256 Va. 350, 354, 504 S.E.2d 618 (1998), quoting with approval *Board of Supervisors of Fauquier County v. Machnick,* 242 Va. 452, 456, 410 S.E.2d 607 (1991). Where a statute is clear, the court may not "resort to legislative history and extrinsic facts" to interpret words whose meaning is clear; it must "take the words as written" and give them their plain meaning. *Brown v. Lukhard,* 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985). "The [zoning] ordinance should not be extended [or restricted] by interpretation or construction beyond its intended purpose." *Donovan v. Board of Zoning Appeals,* 251 Va. 271, 274, 467 S.E.2d 808 (1996). "The rule which prevails in most jurisdictions, at least in the absence of any statute to the contrary, is that since zoning ordinances are in derogation of the common law and operate to deprive an owner of a use thereof which otherwise would be lawful, they should be strictly construed in favor of the property owner." 83 Am. Jur. 2d, *Zoning and Planning,* § 699. *See, e.g., Young v. Town of Vienna,* 203 Va. 265, 123 S.E.2d 388 (1992) (revenue ordinance must be strictly construed).

"[A] a consistent construction of an ordinance by officials charged with its enforcement is given great weight. 'Nonetheless, if the administrative interpretation of a portion of the ordinance is so at odds with the plain language used in the ordinance as a whole, such interpretation is plainly wrong, and must be reversed'." *Board of Zoning Appeals v. 852 L.L.C.,* 257 Va. 485, 489, 514 S.E.2d 767 (1999), quoting with approval *Cook v. Board of Zoning Appeals,* 244 Va. 107, 111, 418 S.E.2d 879 (1992). In *Board of Supervisors v. Gaffney,* 244 Va. 545, 553, 422 S.E.2d 760 (1992), Justice Lacy in her dissent noted that there was always a danger inherent in zoning cases that zoning administrators, under the guise of statutory construction, would deny a lawful, permitted use by labeling it as something which it was not.

Under Town Code § 175-79(A), a special use permit is required for "all uses, activities, and development occurring *within any floodplain*

*district.*" The ordinance does not state that a special use permit is required for any new uses, activities, and development occurring *anywhere on any lot any portion of which lies within any floodplain district.* "For this Court to place any limitation on the clear and comprehensive language of the statute, or to create an exception where none exists under the guise of statutory construction, would be to defeat the purpose of the enactment and to engage in judicial legislation." *Town of Crewe v. Marler*, 228 Va. 109, 114, 319 S.E.2d 748 (1984).

A decision of a board of zoning appeals should be overturned if the Court finds that the BZA erred in its decision. Virginia Code § 15.2-2314. To err means to make a decision contrary to the law or to make a decision based on a lack of sufficient evidence. In this case, the BZA has erroneously construed the Town Code. The BZA was plainly wrong in determining that, under the Ordinance § 175-79(A), a special use permit was required for the construction of the garage. The present case is distinguished from *Ramsey, Inc. v. Board of Zoning Appeals et al.*, Warren County Chancery No. 03-286, for two reasons: (1) although the proposed structure in *Ramsey, Inc.* was not in the floodplain, certain utilities were to be connected within the floodplain; and (2) the lot at issue in *Ramsey, Inc.* was part of a subdivision, the approval of which was subject to a requirement, stated on the subdivision plat, that "Special Permit required for all lots in flood plain prior to development." In the instant case, no activity whatsoever is to occur within the floodplain, and there is no notation on the subdivision plat or requirement for a special permit.

The construction of the garage on the lot, where neither the garage, its construction, nor its appurtenant facilities encroach upon the AFD boundaries, does not constitute a "use, activity, and development occurring within any floodplain district" and the proposed use and construction do not encroach upon the AFD boundaries as established in § 175-78 of the Town Code. Therefore, a special use permit is not required.

## III. Decision

For the foregoing reasons, it is adjudged and ordered that:

1. The BZA's decision that a special use permit was required for the construction of the Petitioner's garage is reversed.

2. Since the garage is a permitted use, the Town shall issue the zoning/building permit to Ramsey for the construction of the garage on the lot, and provide such other licensure as may be necessary to begin construction of the garage on the lot.