### Richmond

EVAN A. MCNAIR, ZONING ADMINISTRATOR, ETC., ET AL.
v. ARCHIE CLATTERBUCK, ET AL.

January 17, 1972.

Record No. 7641.

Present, All the Justices.

*Randolph W. Church, Jr. (George H. Davis, Jr., Commonwealth's Attorney for Rappahannock County; McCandlish, Lillard & Marsh, on brief), for appellants.*

*S. Page Higginbotham (Higginbotham & Fry, on brief), for appellees.*

Per Curiam.

The Zoning Administrator of Rappahannock County brought this suit to enjoin Archie Clatterbuck and Annie Clatterbuck from violating a County zoning ordinance. The trial court sustained a demurrer and dismissed the suit on the ground that it lacked jurisdiction to grant an injunction because the zoning ordinance did not expressly provide for its enforcement by injunction. The Zoning Administrator appeals.

Code § 15.1-491 provides:

"§ 15.1-491. *Permitted provisions in ordinances; amendments.* —A zoning ordinance may include, among other things, reasonable regulations and provisions as to any or all of the following matters:
" * * *

"(d) For the administration and enforcement of the ordinance including the appointment or designation of a zoning administrator who may also hold another office in the county or municipality. *The zoning administrator shall have all necessary authority* on behalf of the governing body *to* administer and *enforce the zoning ordinance, including* the ordering in writing of the remedying of any condition found in violation of the ordinance, and *the bringing of legal action to insure compliance with the ordinance, including injunction,* abatement, or other appropriate action or proceeding. [Emphasis supplied.]
" * * * "

The Rappahannock County zoning ordinance was adopted pursuant to authority given in article 8, chapter 11, title 15.1 of the Code. Code § 15.1-499, being part of article 8, provides:

"§ 15.1-499. *Restraining, etc., violations of chapter.* —Any violation or attempted violation of this chapter, or of any regulation adopted hereunder may be restrained, corrected, or abated as the case may be by injunction or other appropriate proceeding."

Code §§ 15.1-491 and 15.1-499 give the trial court jurisdiction to grant an injunction, even though the zoning ordinance does not expressly provide for its enforcement by injunction. We therefore reverse the decree appealed from.

We do not reach a point raised by the appellees. They contend that the zoning ordinance is invalid because it provides a minimum punishment of less than $10 for violation of the ordinance, whereas the enabling statute (Code § 15.1-491(e)) authorizes a minimum punishment of $10. Even if the criminal sanctions of the ordinance are invalid, the severability provision saves the remainder of the ordinance.

*Reversed and remanded.*