Present: All the Justices

EDWARD DONOVAN, ET AL.

v.    Record No. 951196    OPINION BY JUSTICE ELIZABETH B. LACY
                                                    March 1, 1996
BOARD OF ZONING APPEALS OF
ROCKINGHAM COUNTY, ET AL.

FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Joshua L. Robinson, Judge Designate

In this appeal we consider whether the trial court properly upheld a decision by the board of zoning appeals affirming the zoning administrator's interpretation and application of a zoning ordinance.

Rockingham County enacted its first zoning ordinance in 1969. At that time, property currently owned by appellants, Edward, Jean, Brownie, and David Donovan, Jr., (collectively, the Donovans) and used by them as an automobile graveyard, was zoned A-1, agricultural. Automobile graveyards were not a permitted use in an A-1 district; however, the 1969 ordinance allowed the continuation of nonconforming uses which were in existence on the effective date of the ordinance. The use of the Donovans' parcel as an automobile graveyard has continued without interruption.

In 1994, the zoning administrator of Rockingham County notified the Donovans by letter that they were in violation of the Rockingham County Code (hereafter, County Code). According to the zoning administrator, the 1969 ordinance required the Donovans to file for an "automobile graveyard permit with a

1

screening plan" by 1972 and failure to file for the permit terminated the right to continue the nonconforming use granted by the 1969 ordinance.  Because the Donovans had not filed for such a permit, Rockingham County did not consider the Donovans' present operation to be valid nonconforming use.  The zoning administrator informed the Donovans that they could validate the operation of their automobile graveyard by obtaining a special use permit and an automobile graveyard permit with a screening plan.[1]

The Donovans appealed the decision of the zoning administrator to the Board of Zoning Appeals (BZA).[2]  Following a hearing, the BZA upheld the zoning administrator's decision and refused to consider whether that interpretation of the ordinance resulted in a conflict between the ordinance and Code § 15.1-492.  The Donovans filed a petition for writ of certiorari in the circuit court.  The Donovans argued that the zoning administrator and the BZA incorrectly applied and interpreted the 1969 ordinance, and failed to consider the Donovan's contention that such an interpretation conflicted

---

[1]The current zoning classification for the Donovans' property, A-2, permits the operation of an automobile graveyard with a special use permit.  County Code § 17-27.  Chapter 5 of the County Code, enacted in 1973 pursuant to Code § 15.1-28, regulates automobile graveyards and includes the current screening requirements.  County Code § 5-2.

[2]The Donovans also filed a screening plan under County Code § 5-2, but the county has deferred action on the plan pending the outcome of this litigation.

with their vested rights established by the Virginia Constitution and Code § 15.1-492.

The circuit court found that the 1969 ordinance as interpreted by the zoning administrator applied to the Donovans' property and dismissed the writ of certiorari. In its order, the circuit court stated that the determination of whether a zoning ordinance conflicts with a statute is beyond the court's jurisdiction in a certiorari proceeding because it involves the validity of the ordinance, and that the effect of the court's holding was "to affirm the decision of the Board of Zoning Appeals of Rockingham County." We awarded the Donovans an appeal and, because we conclude that the zoning administrator's interpretation of the 1969 zoning ordinance was incorrect, we will reverse the order of the circuit court.

The principles relevant to the construction of a zoning ordinance are well established. The words of the ordinance are to be given their plain and natural meaning. McClung v. County of Henrico, 200 Va. 870, 875, 108 S.E.2d 513, 516 (1959). The purpose and intent of the ordinance should be considered but the ordinance should not be extended by interpretation or construction beyond its intended purpose. Gough v. Shaner, 197 Va. 572, 575, 90 S.E.2d 171, 174 (1955). In reviewing a decision of the BZA, we give "great weight" to the interpretation of the ordinance by those officials charged with its administration, and we will reverse the decision only if it

is plainly wrong or based on erroneous legal principles.  Cook v. Board of Zoning Appeals of the City of Falls Church, 244 Va. 107, 111, 418 S.E.2d 879, 881 (1992); Masterson v. Board of Zoning Appeals of the City of Virginia Beach, 233 Va. 37, 44, 353 S.E.2d 727, 732-33 (1987).

The county does not contest the Donovans' assertion that their operation of the automobile graveyard was a valid nonconforming use following the adoption of the 1969 zoning ordinance.  The county maintains, however, that the Donovans' automobile graveyard lost its status as a valid nonconforming use because they failed to screen the operation from public view by 1972.  Thus, at the time of the county's enforcement action, although the cross-references to sections dealing with automobile graveyards had been deleted in 1984, the Donovans' automobile graveyard no longer was "a lawful use of land" entitling them to continue the operation as a nonconforming use under the provisions of the current zoning ordinance, County Code § 17-161.

The county's position is based on its application of the following portions of the 1969 ordinance:
                    ARTICLE 8--NONCONFORMING USES

                              . . .

    8-1-1.     If at the time of enactment of
               this ordinance, any legal
               activity, except those dealt with
               in section 7-2-5, which is being
               pursued, or any lot or structure
               legally utilized in a manner or
               for a purpose which does not

4

conform to the provisions of this
ordinance, such manner of use or
purpose may be continued as
herein provided . . . .

. . . .

ARTICLE 7--INDUSTRIAL, GENERAL,
DISTRICT M-1

. . . .

7-2-5.    Automobile graveyards and
junkyards in existence at the
time [of] the adoption of this
ordinance are to be considered as
nonconforming uses.  They may be
allowed up to three (3) years
after adoption of this ordinance
in which to completely screen on
any side open to view from a
public road . . . .

The county contends that even though Chapter 7 relates to
M-1 districts, the reference in County Code § 8-1-1 to § 7-2-5
extends the screening requirements of that section to all
automobile graveyards existing in 1969.  Any other
interpretation, the county asserts, would allow automobile
graveyards in districts other than M-1 to remain unscreened, a
condition inconsistent with the purpose of the ordinance.

We agree with the county's assertion that one of the
purposes of the 1969 zoning ordinance was to require screening
of all automobile graveyards, and we will assume, without
deciding, that County Code § 8-1-1 made the screening
provisions of County Code § 7-2-5 applicable to all automobile
graveyards existing on the effective date of the ordinance.
Nevertheless, a provision requiring that a particular

nonconforming use be screened from public view is not the same as a provision invalidating the nonconforming use itself for failure to comply with the screening requirement.

The ordinance identifies certain circumstances which result in the termination of a valid nonconforming use: if the use is discontinued for more than two years after the enactment of the ordinance, it is deemed abandoned, County Code § 8-1-3; if the use is changed to a more limited use, the prior, more expansive use is lost, County Code § 8-1-4; and after two years advertising structures must be relocated to districts where they are permitted uses, County Code § 8-1-1. The failure to screen an automobile graveyard is not identified as a circumstance which terminates the status of the use as a valid nonconforming use, nor is termination of such status listed as the penalty for violation of or failure to conform to the screening provisions contained in the 1969 zoning ordinance.

The ordinance is silent as to any specific consequences of the failure to screen. The absence of a specific consequence does not render the requirement meaningless, however. County Code § 11-2 states that a violation of the ordinance is a misdemeanor which subjects the violator to a fine of up to $250 for each day the ordinance is violated. Furthermore, under the authority of Code §§ 15.1-491 and -499, the county could have enforced the screening requirement by seeking an injunction to prevent the Donovans from operating the automobile graveyard

6

until they complied with the screening requirement. McNair v. Clatterbuck, 212 Va. 532, 533, 186 S.E.2d 45, 46 (1972).[3] Enforcement of the screening requirement by injunction would be consistent with the purpose of screening all automobile graveyards from public view without terminating a valid nonconforming use arising under County Code § 8-1-1.

Applying the principles applicable to the construction of zoning ordinances, we conclude that the interpretation of the 1969 zoning ordinance by the zoning administrator as approved by the BZA was plainly wrong and based on erroneous principles of law. Nothing in the ordinance provides that the failure to screen an automobile graveyard terminates a valid nonconforming use. Therefore, the failure of the Donovans to screen their automobile graveyard within three years of the effective date of the 1969 ordinance did not terminate the status of their operation as a valid nonconforming use.[4]

Accordingly, we will reverse the order of the circuit court and enter final judgment in favor of the Donovans.

Reversed and final judgment.

_____

[3]The zoning ordinance was amended in 1984 to specifically give the zoning administrator the authority to insure compliance with the chapter by instituting legal action including injunctions. County Code § 17-200.

[4]In light of this conclusion, we need not address the Donovans' other arguments.