## CIRCUIT COURT OF FAIRFAX COUNTY

Mary Rose Greene

v.

Fairfax County
Board of Supervisors

Case No. (Chancery) 126133

By Judge Dennis J. Smith

May 16, 1996

This case comes before the Court on Petitioner Greene's request for declaratory relief from a Fairfax County ordinance vacating certain unimproved portions of property owned in part by Petitioner ("vacation ordinance"). Trial was held on March 12, 1996. On the morning of trial, the Court granted Petitioner leave to amend her Petition to include an allegation that Respondent's published notice of the proposed ordinance failed to comply with the mandatory statutory requirements of Va. Code §§ 15.1-431 and 15.1-482. At the conclusion of trial, the Court found that Petitioner had not proven that she suffered irreparable damage as a result of the ordinance's adoption. However, it took the issue of the adequacy of the Board's notice of the vacation ordinance under advisement for further consideration.

In the case at hand, a proposed vacation ordinance for the relevant property was first advertised for a public hearing scheduled for September 8, 1986. That advertisement read as follows:

> Notice is hereby given that the Board of Supervisors of Fairfax County, VA, will hold a public hearing on September 8, 1986, at 4:00 p.m., during its regular meeting in the Board Room of the Massey Building . . . regarding the adoption of an ordinance,

pursuant to Va. Code Section 15.1-482 vacating parts of three plats as follows;

 1. Hybla Valley Farms — Deed Book Y11, page 300, and Plat Book 2, page 3.

 2. Hollin Hills, Section 15a — Deed Book 1771, page 78

 3. Hollin Meadows Swim & Tennis Club, Inc. — Deed Book 2637, page 721

 on which are shown portions of Boswell Ave. and Woodlawn Trail shown on a plat prepared by . . . which can be viewed by telephoning . . . .

On September 8, 1986, the proposed hearing date, the Board continued the public hearing date to October 6, 1986. Notice for that hearing was subsequently advertised as follows:

4:00 p.m. Proposed vacation of Boswell Avenue and Woodlawn Trial located in Mt. Vernon District . . . .

Copies of the full text may be viewed at all county public libraries and are on file in the office of the clerk to the board of supervisors, 10th floor of the Massey Building.

Petitioner contends that neither of these notices fully comply with the Code's requirements and thus the subsequently adopted ordinance is void *ab initio. City of Alexandria v. Potomac Greens Assoc.*, 245 Va. 371, 378 (1993).

*Consideration by the Court of Notice<br>for September 8, 1986, Hearing*

Petitioner urges the Court to disregard the notice published for the original hearing scheduled for September 8, 1986, as she contends that all evidence pertaining to it is untimely and, therefore, not properly before the Court. Petitioner emphasizes that information and documents relating to this advertisement were not disclosed by Respondent during discovery, nor were they admitted into evidence during trial. The Court disagrees, and finds that Petitioner's suggestion violates the spirit in which the Court granted Petitioner leave, on the morning of trial, to introduce a new theory into the case. Neither the Court nor the Petitioner, in good faith, could have expected Respondents to produce documents during discovery on an issue which was not properly in the case at that time, nor could they have been prepared to introduce documentation and arguments on this unantici-

pated notice issue at trial. Accordingly, the Court denies Petitioner's request to ignore the proffer of evidence made by the Defendant.

If the Petitioner objects to the proffer, requests a further evidentiary hearing, and represents to the Court that a reasonable basis exists for exclusion of the proffered evidence or that contrary evidence will be presented, the Court will schedule such hearing. Petitioner has until May 23, 1996, to explain the basis of her objections regarding this evidence. Absent response, the Court will admit the proffered evidence and rule.

## June 11, 1996

This case arises out of a Fairfax County ordinance vacating certain unimproved portions of property owned in part by Petitioner, Mary Rose Greene. Petitioner filed this suit seeking declaratory relief. At the conclusion of trial on March 12, 1996, the Court requested the parties to submit written briefs regarding the adequacy of the Fairfax County Board's published notice of the proposed ordinance pursuant to Va. Code §§ 15.1-431 and 15.1-482. Subsequently, an issue arose regarding the admissibility of evidence pertaining to published notice of a September 8, 1986, hearing date. After having considered Petitioner's evidentiary objections, the Court overrules these objections, and makes this final ruling.

### I. *Notice for September 8, 1986, Hearing*

Va. Code § 15.1-431 provides:

> The local commission shall not recommend nor the governing body adopt any plan, ordinance or amendment until notice of intention to do so has been published once a week for two successive weeks in some newspaper . . . . Such notice shall specify the time and place of hearing at which persons affected may appear and present their views, not less than six days nor more than twenty-one days after the second advertisement appears in such newspaper.

Published notice of the September 8 hearing was run on August 22 and August 29. Petitioner claims that because the actual hearing in which the ordinance was adopted took place on October 6, 1986, and not on September 8, the published date for which the hearing was originally scheduled, the notice publication fell outside the Code's twenty-one day limitation, is not sufficient to demonstrate compliance with the Code, and therefore, is irrelevant to the case at hand.

Although the Code does require the scheduled hearing date to be within twenty-one days after publication of the second advertisement, Va. Code § 15.1-431 does not require that the hearing take place as scheduled, nor does it preclude any continuances. To the contrary, the Code specifically contemplates continuances, and when renotification of a rescheduled hearing is required, the Code prescribes precise renotification procedures. For example, in instances where the Code requires the Board to notify specific individuals of a proposed action, paragraph 3 of Va. Code § 15.1-431 requires that notice be remailed. If the General Assembly intended to require republication of notice in instances where the County at large is targeted, it could have statutorily prescribed such an express notice provision in the Code. Furthermore, according to Dillon's Rule, a locality may exercise those powers granted expressly by statute and powers necessarily implied in or incident to powers expressly granted. The Court finds that the ability to continue a previously scheduled hearing date is incidental to their authority to schedule the date in the first instance. The Court therefore finds that Dillon's Rule is not violated and that notice for the September 8, 1986, hearing date sufficiently complied with the Code's timing requirements.

Second, Petitioner argues that the September 8 notice fails to "clearly describe the plat or portion thereof" to be vacated as is required by Va. Code § 15.1-482. The Court disagrees. Va. Code § 15.1-431 provides that the ordinance proposal "need not be advertized in full, but may be advertised by reference." By providing specific references to the Deed Book and page number on which the subject plats could be located, the notice adequately complied with the Code's requirements and the ordinance is not void for lack of clarity.

## II. *Notice for October 6, 1986, Hearing*

Because the Court finds that the September 8, 1986, hearing was sufficient to demonstrate compliance with the Code's notice requirements, the sufficiency of notice for the October 6, 1986, continuance date is a moot issue.

## III. *Prejudice of Petitioner*

The Court finds that even if both notices were deficient, Petitioner was not prejudiced by the defect as she personally attended the hearing in which the ordinance was adopted and expressed her views on it at that time. In *Bradley v. Richmond*, 110 Va. 521 (1910), the Virginia Supreme

148

Court held that a plaintiff was not prejudiced by an alleged defect in notice because he appeared at the hearing in which a disputed license tax was passed. The Court stated:

> The object of requiring publication was to give notice of the ordinance and of its penalty before the penalty was inflicted. The record shows that this end was fully attained. The ordinance was published five times, and the plaintiff in error had notice of it, and appeared by counsel, as was his right under the ordinance, before the finance committee of the council and asked an abatement of the assessment against him. It is therefore, apparent that the plaintiff in error was not prejudiced by the alleged failure of the council to designate the paper in which the ordinance was published. He has had and availed himself of every privilege or advantage that he could have enjoyed had the ordinance been published in exact conformity with his present contention. *Id.* at 523.

The Court finds that this same logic and rationale applies in the instant case.

In light of these legal principles and findings, and in light of the evidence presented, this Court finds that the Board fully complied with the Virginia Code's requirements regarding notice of its proposed vacation ordinance. Furthermore, even had the Board not complied strictly with the Code, Petitioner was not prejudiced by any defects as she appeared at the hearing and fully expressed her views. Accordingly, Petitioner's request for declaratory relief through nullification of the ordinance is denied.