## CIRCUIT COURT OF FAIRFAX COUNTY

Kim D. Tran et al.

v.

Fairfax County
Board of Zoning Appeals

Case No. (Law) 172096

Kim D. Tran et al.

v.

Fairfax County
Board of Supervisors

Case No. (Law) 172907

Jane Gwinn,
Fairfax County
Zoning Administrator

v.

Harry L. Bedsworth et al.

Case No. (Chancery) 155450

June 9, 1999

BY JUDGE DENNIS J. SMITH

This case came to be heard on the appeal of Rolling Valley Nail Care ("RVNC"), pursuant to § 15.2-2313 Code of Virginia, in consolidated cases

*Kim D. Tran et al. v. Fairfax County Board of Zoning* (L172096), *Kim D. Tran et al. v. Board of Supervisors of Fairfax County* (L172907), and *Jane Gwinn, Fairfax County Zoning Administrator v. Harry L. Bedsworth et al.* (C155450). RVNC appeals a May 5, 1998, decision of the Board of Zoning Appeals reversing the determination of Jane W. Gwinn, the Zoning Administrator for Fairfax County, with respect to the issuance of a Non-Residential Use Permit to RVNC as an accessory service use.

Harry Bedsworth is the owner of property located in the Rolling Valley Professional Center, a 35-unit, non-retail townhouse commercial center development in Burke, Virginia. The complex is zoned C-1 as a low-rise office transitional district. Rolling Valley Nail Care (RVNC) leases the property from Bedsworth and operates a nail salon in the center. On October 4, 1996, the Fairfax County zoning administrator issued RVNC a Non-Residential Use Permit ("Non-RUP") to operate a personal service establishment as an accessory service use on the property. On November 1, 1996, the Rolling Valley Professional Center Condominiums Unit Owners' Association appealed the issuance of the Non-RUP to the Fairfax County Board of Zoning Appeals (BZA). A public hearing was initially scheduled for January 28, 1997, but rescheduled at the request of the appellant Unit Owners Association to March 4, 1997, then to April 22, 1997, then to June 3, 1997, then to March 3, 1998, and it was finally heard on May 5, 1998. By decision filed May 13, 1998, the BZA reversed the Zoning Administrator's issuance of the Non-RUP to RVNC. On June 2, 1998, RVNC appealed the BZA's decision to this Court by filing its Petition for Writ of Certiorari.

RVNC first argues that the failure of the BZA to make its decision within ninety days of the filing of the appeal divested the BZA of any authority to reverse the zoning administrator's decision. Petitioners rely upon Virginia Code § 15.1-496.2 and its successor § 15.2-2312, which state that "The board shall fix a reasonable time for the hearing of an application or appeal, give public notice thereof as well as due notice to the parties in interest and make its decision *within ninety days* of the filing of the application or appeal." (Emphasis added.) However, Fairfax County Zoning Ordinance § 18-306(3) states that "The BZA shall render a decision on all applications for appeal within ninety days from the date of acceptance of the application, *unless an extended period is mutually agreed to by the appellant and the BZA.*" (Emphasis added.) RVNC asserts that the applicable County ordinance cannot extend the time frame for issuance of a decision for any reason, for to do so would contravene the Virginia Code section. The Court does not agree. The

time limitation set forth in § 15.2-2312 is a procedural requirement that is directory, not mandatory, and thus is not in conflict with the Fairfax ordinance. Words such as "shall" and "must," when used in statutes are usually words of compulsion and are mandatory in meaning. However, the words "shall" and "may" are used interchangeably at times, and "shall" is often interpreted to be directory in meaning. *Huffman v. Kite*, 198 Va. 196 (1956).

> As a rule a statute prescribing the time within which public officers are required to perform an official act regarding the rights and duties of others, and enacted with a view to the proper, orderly, and prompt conduct of business, is directory unless it denies the exercise of the power after such time, or the phraseology of the statute, or the nature of the act to be performed, and the consequences of doing or failing to do it at such time are such that the designation of the time must be considered a limitation on the power of the officer.

*Huffman*, 198 Va. at 202, citing *Ladd v. Lamb*, 195 Va. 1031 (1954). The Courts, when endeavoring to interpret statutory provisions to arrive at the meaning of written language, will construe "may" and "shall" as permissive or mandatory in accordance with the subject matter and context. *Id.* Nothing in the context of the Virginia statute is indicative of an intent of the General Assembly to deny the BZA the power to consider an appeal when the BZA fails to make the decision within 90 days. The purpose of the provision is not to impose a time limitation upon the ability of the BZA to consider an appeal, but rather to prompt a reasonable and regular review of such appeals. The Court holds that the provision of Va. Code § 15.2-2312 relating to the time for decision of appeal is merely directory and procedural, not mandatory and jurisdictional, and, therefore, the BZA did not lack jurisdiction to act upon such appeal beyond ninety days.

Furthermore, Fairfax Zoning Ordinance § 18-306(3) merely reflects the BZA's authority to continue a previously-scheduled hearing if circumstances so require. The appellant in this case requested continuances of the public hearing in order to permit the BZA to gather information to determine whether zoning violations existed relative to the use limitations applicable to accessory service uses. The BZA agreed and continued the hearing to various later dates. By granting continuances at the request of the Petitioner, the BZA did not exceed the scope of their authority, but rather exercised the power provided to them in the statute. The authority to continue a hearing date is incidental to the BZA's power to schedule the hearing in the first place. See, e.g., *Greene*

v. *Fairfax County Supervisors*, 40 Va. Cir. 144 (1996). Accordingly, Zoning Ordinance § 18-306(3) is valid, and the BZA was not deprived of authority to act on the appeal when it did not issue its decision within ninety days.

As for the substance of the petition, on a Writ of Certiorari from a decision of the BZA, the review of a decision of the BZA is limited to the scope of the BZA proceeding. *Board of Zoning Appeals v. University Sq. Assoc.*, 246 Va. 290, 294-295 (1993). The BZA's decision is presumed to be correct and can be reversed only if the Circuit Court determines that the BZA applied erroneous principles of law or was plainly wrong and in violation of the purposes and intent of the zoning ordinance. *Donovan v. Board of Zoning Appeals*, 251 Va. 271 (1996). The party challenging the BZA's decision has the burden of proof. See, *Foster v. Geller*, 248 Va. 563 (1994).

The BZA issued its final decision on May 13, 1998, reversing the Zoning Administrator's decision granting RVNC a Non-RUP to operate a nail care salon in the Rolling Valley Professional Center. A nail salon is deemed to be a personal service establishment, as defined in § 10.202 of the Zoning Ordinance. An accessory service use, under the Zoning Ordinance, is a use which:

1. Is subordinate to and serves a principal use; and

2. Is subordinate in purpose, area and extent to the principal use served; and

3. Contributes primarily to the comfort and convenience of the occupants, business enterprise or industrial use served; and

4. Is generally located within the building housing the principal use served, except as qualified by the provision of Sect. 10-203.

(FX Code 20-300, Definitions.)

The C-1 zoning allows personal service establishments as an accessory service use; however, the personal service establishment must not only be subordinate to and serve a principal use in order to qualify as an accessory service use, it must also contribute primarily to the convenience of the occupants of the complex. Section 10-203 of the Ordinance provides that all accessory service uses shall be subject to the following use limitations: "[they] shall be oriented to cater primarily to the residents or employees of the principal use with which they are associated." While this definition does not preclude the accessory service use from providing services to third parties, the Ordinance is clear that it should exist to primarily benefit the occupants of the complex. Based on the evidence presented in this case, the Court is not persuaded that the BZA was plainly wrong in concluding that the nail salon

was not subordinate to the principle use or being operated primarily for the comfort and convenience of the occupants and the business enterprises within the development.

In conclusion, after reviewing the transcript of the BZA's hearing on May 5, 1998, and considering all of the evidence presented, this Court cannot find that the BZA was without authority to act on the appeal, nor was its decision based on erroneous principles of law or plainly wrong. Accordingly, the Court will dismiss the Writ of Certiorari and the Petition.