# CIRCUIT COURT OF THE CITY OF NORFOLK

JBA ONE, L.L.C.

v.

Zoning Appeals Board
of the City of Norfolk

March 21, 2012

Case No. CL11-4851

BY JUDGE MARY JANE HALL

The matter came before the Court following issuance of a Writ of Certiorari pursuant to Virginia Code § 15.2-2314 for review of a decision of the Board of Zoning Appeals that denied Petitioner's request for an appeal of a March 22, 2011, decision by the Zoning Administrator. The Zoning Administrator refused to issue a Zoning Certificate to state that the use of Petitioner's property at 951 East Little Creek Road complied with the provisions of the Zoning Ordinance, without which Petitioner may not obtain a business license to operate a used automobile sales business at the location. The Zoning Administrator determined that the prior nonconforming use of the site for the conduct of automobile sales had been discontinued for more than two years pursuant to § 12-9 of the Zoning Ordinance and therefore may not be renewed or reestablished. The Board of Zoning Appeals denied Petitioner's appeal by letter dated May 20, 2011.

Because the Board of Zoning Appeals applied an erroneous principle of law in its interpretation of the Zoning Ordinance, the Court reverses the board's decision.

## Factual and Procedural Background

The facts were not contested. The 1998 amendment to the Zoning Ordinance requires a special exception to be granted before any automobile sales establishment may be permitted to operate at the Petitioner's site. An automobile sales establishment operating at the site before enactment of

the amendment, however, may continue operations as a nonconforming use subject to the terms of the Zoning Ordinance.

Beginning in 1985 and through April 2009, the site was continually used as an automobile sales business by entities that leased the site from Petitioner. One such entity, National Used Auto Sales, discontinued its business in 2004. The subsequent tenant, J.D. Valley Auto Sales, L.L.C., commenced its operation of auto sales in December of 2004 but did so without obtaining either the Zoning Certificate required by § 19.1 of the Zoning Ordinance or the business license required by § 24-25.3 of the Code of the City of Norfolk. J.D. Valley did have a license to operate an auto sales business issued by the Virginia Motor Vehicle Dealer Board. J.D. Valley operated for approximately five years with no business license.

After J.D. Valley discontinued its business in 2009, Petitioner sought to establish its own auto sales business at the site and applied to the Zoning Administrator for a Zoning Certificate. The Zoning Administrator rejected Petitioner's request to declare that the site could properly be used for automobile sales as a permitted nonconforming use of the property. He declared that the nonconforming use terminated upon the 2004 expiration of the last business license that was issued for the site. He stated that the subsequent use of the property for auto sales was not lawful because it was conducted without a business license; thus, the nonconforming use was discontinued for more than two years within the meaning of the statute: "If a nonconforming use is discontinued for a period of two years ...., the nonconforming use shall not be renewed or re-established." Zoning Ordinance, § 12-9. The Zoning Administrator explained his position to the Bard that the sole determinant of use was the business license:

> Mr. Newcomb: Section 12-9 says "If a nonconforming use is discontinued for a period of two years" and that is the language. Now, the way we have to measure use is clearly by an official activity that the city has acknowledged. The business license is the way that you conduct business in Norfolk. If you are a business ... you're required to have a business license.

Transcript, May 19, 2011, Hearing at 16. The cover page of the Hearing Transcript bears the date of May 19, 2010, which the Court finds to be an error. The correct date of May 19, 2011, appears on page 2 of the transcript.

Petitioner's timely petition for writ of certiorari to this Court followed.

## Discussion

The City insists that a property is not being "used" for purposes of the nonconforming use determination unless it is being "lawfully used," a requirement that does not appear in the Zoning Ordinance. The City points

to the definition of "nonconforming use" in § 2-3 of the ordinance in support of its argument that an unlawful use may not qualify as nonconforming: "a use lawfully established prior to and being conducted on the effective date of these regulations or any amendment hereto which renders the use nonconforming, which does not conform to the requirements of these regulations for the Zoning District in which it is located."

The use of Petitioner's site as an automobile sales operation, however, was lawful prior to and on the date of the relevant amendment to the Zoning Ordinance. The use did not become "unlawful" until J.D. Valley commenced operations with no business license in 2004. Section 2-3, quoted above, is silent about the effect of some violation of law that transpires after the effective date of the amendment.

The City relied on several Virginia Supreme Court decisions that this Court does not consider to be controlling. In *Knowlton v. Browning-Ferris Industries of Va., Inc.*, 220 Va. 571, 260 S.E.2d 232 (1979), the property owner converted a hog farming and general trucking business engaged in hauling random cargo, which utilized four small trucks parked on unimproved land, to a specialized commercial enterprise engaged in the collection and disposal of trash with a fleet of eighteen large trash compactors, a spacious garage, and two underground gasoline tanks. The Court determined that the character of the nonconforming use in existence when the zoning restriction was enacted had been changed; thus, the operation of the commercial trash enterprise was not the continuation of a protected nonconforming use. There is no similar allegation in the case at bar that the nature or character of the automobile sales operation has changed in any way other than the change from licensed to unlicensed.

The City also cites *Dick Kelly Enterprises, Virginia Partnership, No. 11 v. City of Norfolk*, 243 Va. 373, 416 S.E.2d 680 (1992), a case that did not involve a nonconforming use of property but rather, an entirely illegal use of property. The Court stated, "in the present case, the analysis necessarily begins with the proposition that the landowner's use of the subject property was unlawful from the moment of occupancy and remains so." *Id.* at 379, 416 S.E.2d at 683. In contrast, the use of Petitioner's property was lawful when the zoning amendment issued. The decision does not support the City's position that a nonconforming use terminates as a matter of law when the business license lapses.

The facts in *Donovan v. Board of Zoning Appeals*, 251 Va. 271, 467 S.E.2d 808 (1996), are much more similar to the case at bar. The Donovans had operated their property as an automobile graveyard prior to the enactment of the County's first Zoning Ordinance in 1969 which established their zone as agricultural. The Ordinance permitted the continuation of nonconforming uses that were in existence on the effective date, and their use of the parcel as an automobile graveyard continued without interruption through 1994. The Donovans failed, however, to file for a required "permit with screening

plan." The Zoning Administrator determined that their failure to file for the permit with the screening plan terminated their right to continue the nonconforming use. The county made essentially the same argument that the City makes in the instant case, contending that the Donovans lost their status as a valid nonconforming use when their operation became no longer "lawful." *Id.* at 274, 467 S.E.2d at 810. The Court rejected the county's argument, holding that the owner's violation of the screening provision did not invalidate the nonconforming use itself: "The ordinance identifies certain circumstances which result in the termination of a valid nonconforming use. The failure to screen an automobile graveyard is not identified as a circumstance which terminates the status of the use as a valid nonconforming use, nor is termination of such status listed as the penalty for violation of or failure to conform to the screening provisions contained in the zoning ordinance." *Id.* The Court concluded that the interpretation of the Zoning Ordinance by the Zoning Administrator as approved by the BZA was plainly wrong and based on erroneous principles of law: "Nothing in the ordinance provides that the failure to screen an automobile graveyard terminates a valid nonconforming use." *Id.*

Norfolk's Zoning Ordinance likewise does not provide that the failure to obtain a business license terminates the business' status as a valid nonconforming use. The license requirement itself appears in § 24-25.3 of the City Ordinance, and it does not specify that a penalty for violation could include the business' termination of a valid nonconforming use. To the contrary, it authorizes only the relatively modest penalty of ten percent of business tax owed or $10, whichever is greater. *Id.* The contention that a violation should carry a virtual death penalty for the business operating a nonconforming use simply cannot be supported by the ordinance.

Instead of looking to the actual uninterrupted use of the site, the Zoning Administrator looked to the period of "licensed" use or "lawful" use to conclude that a discontinuance had taken place. That was error. The Joint Stipulation establishes that the site was used for automobile sales with no interruption and therefore qualified as a nonconforming use under the Zoning Ordinance.