COURT OF APPEALS OF VIRGINIA

Present:  Judges Humphreys, Beales and Senior Judge Annunziata
Argued at Salem, Virginia

UNPUBLISHED

TERRY WAYNE TURNER

MEMORANDUM OPINION[*] BY
v.      Record No. 1197-12-3      JUDGE RANDOLPH A. BEALES
OCTOBER 8, 2013

CITY OF HARRISONBURG


FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
James V. Lane, Judge

R. Shannon Kite (Cook Attorneys, P.C., on brief), for appellant.

G. Chris Brown, City of Harrisonburg Attorney, for appellee.


Terry Wayne Turner (appellant) appeals his conviction under § 10-3-13 of the Code of the

City of Harrisonburg (the City Code) for committing a zoning violation by storing four inoperable

vehicles on real property owned by appellant's mother (and occupied by appellant). Appellant

argues that the trial court erred in convicting him of the zoning ordinance violation because he

claims that the evidence was insufficient to prove that appellant owned or leased the land at issue in

this case. We hold that this zoning ordinance was applicable to appellant, and we affirm his

conviction for the following reasons.

I. BACKGROUND

We consider the evidence on appeal "'in the light most favorable to the [City of

Harrisonburg (the City)], as we must since it was the prevailing party'" in the trial court. Beasley v.

Commonwealth, 60 Va. App. 381, 391, 728 S.E.2d 499, 504 (2012) (quoting Riner v.

Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555, 574 (2004)). So viewed, the evidence is that, at

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the time of the events leading up to this appeal, appellant and his mother were both living in a residence located in the City of Harrisonburg, Virginia (the property). Appellant's mother is the owner of the property, and appellant is the owner of the four inoperable vehicles that he was storing on the property. Storing inoperable vehicles on property is not a permitted use of property under § 10-3-39 of the City Code, which reads as follows:

> The following uses are permitted by right: (1) Any use permitted by right in the R-1 single-family residential district. (2) Duplex dwelling units with limitations as required by area and dimensional regulations (section 10-3-41 below). (3) Accessory buildings and uses clearly incidental to the above. (Refer to section 10-3-114, Accessory Buildings). (4) Public uses.[1]

At trial, Ms. Nancy Stone (Stone), a City zoning inspector, testified that the following chain of events occurred before the City charged appellant with a zoning violation. The City sent a letter to appellant's mother concerning the alleged zoning violation, and neither appellant's mother nor appellant took any action in response to that letter. The City once again contacted appellant's mother regarding the removal of the vehicles, and Stone met with appellant's mother regarding the removal of the vehicles. Again, neither appellant's mother nor appellant took any action. The record indicates that the City then filed a criminal complaint against both appellant and his mother. The charge against appellant's mother, however, appears to have been dismissed (or dropped by the City), as there is nothing in the record before us to indicate that a court heard a case against her.

At trial, appellant argued that he was not a proper defendant because he was not the owner of the property, he did not lease the property, he did not have a right of ownership or a right of occupancy to the property, and he resided at the property at the discretion and permission of his

---

[1] Section 10-3-39 of the City Code is not part of the record on appeal, but this Court may take judicial notice of § 10-3-39 of the City Code. See Va. R. Evid. 2:202 ("[w]henever, in any civil or criminal case, it becomes necessary to ascertain what the law, statutory, administrative, or otherwise, of this Commonwealth, of another state, of the United States, of another country, or of any political subdivision or agency of the same . . . the court shall take judicial notice thereof whether specifically pleaded or not.").

mother.  Appellant further argued that, because zoning regulations apply to real property – and not to personal property, appellant's mother, not he, was the proper defendant.  The City argued at trial that, because appellant was the owner of the vehicles, he was responsible for the maintenance, upkeep, and storage of those vehicles.

The trial court found appellant "guilty of a violation of zoning," and its final order entered the conviction and sentence under § 10-3-13 of the City Code.  Section 10-3-13 states, "Any person, firm, or corporation found in violation of any provision of this chapter[2], upon conviction shall be guilty of a class 1 misdemeanor."  The trial court sentenced appellant to ninety days incarceration with seventy-five days suspended, placed appellant on probation for six months, and ordered appellant to remove the vehicles from the property.

## II. ANALYSIS

In his assignment of error, appellant challenges the sufficiency of the evidence supporting his conviction.  When considering the sufficiency of the evidence on appeal, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'"  Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)).  "Viewing the evidence in the light most favorable to the [City], as we must since it was the prevailing party in the trial court," Riner, 268 Va. at 330, 601 S.E.2d at 574, "[w]e must instead ask whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt,'" Crowder, 41 Va. App. at 663, 588 S.E.2d at 387 (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*)).  See also Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008).  "This familiar standard gives full play to the responsibility of the trier of

---

[2] "[T]his chapter" refers to Chapter 3, the zoning chapter of the City Code.

fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319.

On appeal, appellant concedes that the property was, "in fact, out of compliance" with § 10-3-39 of the City Code. Nonetheless, appellant argues on appeal that, even though the property was not in compliance with the City Code (due to appellant's storing of his four inoperable vehicles on the property), the evidence is not sufficient to punish him for a zoning violation under § 10-3-13 of the City Code because the City never produced any evidence that appellant is the property owner or that he has any lease or possessory interest in the property. Thus, appellant's assignment of error is premised on his assertion that only the property *owner* (or lessee), and *not* any other person who takes the action that brings the property out of compliance with the zoning regulations, can be held liable for a zoning violation.

To support his argument, appellant contends that the zoning ordinance at issue applies only to real property, and not to personal property, and therefore does not apply to him under these facts. In other words, because appellant owns the personal property (i.e., the cars) on the property, but not the real property itself, appellant asserts that he cannot be punished for a zoning violation.[3] Appellant cites two other provisions within Chapter 3 of Title 10 of the City Code as support for this assertion. Specifically, § 10-3-2 ("Application"), states, in relevant part, that "[t]his chapter shall apply to the incorporated territory of the City of Harrisonburg, Virginia." Section 10-3-3

---

[3] Appellant also argued on brief that because he is an invitee on the property, his mother, as owner of the property, has a duty to maintain the premises. Based on appellant's written statement of facts, it does not appear that appellant argued this point at trial. Thus, Rule 5A:18, which provides, in relevant part, that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice," precludes this Court from considering this argument on appeal. Appellant has not argued that either the ends of justice exception or the good cause exception to Rule 5A:18 should apply, and this Court will not invoke any exceptions to Rule 5A:18 *sua sponte*. See Beasley, 60 Va. App. at 399, 728 S.E.2d at 508 (citing Williams v. Commonwealth, 57 Va. App. 341, 347, 702 S.E.2d 260, 263 (2010)).

("Purpose"), states, in relevant part, that the purpose of the chapter is "for the appropriate and best use of land" as well as "for the appropriate use and occupancy of buildings . . . ." Thus, appellant argues, the zoning ordinance does not apply to him because the language of §§ 10-3-2 and 10-3-3 of the City Code suggests that the zoning chapter covers only real property—territory, land, and buildings—but not personal property. However, these sections do not state that *only* property owners or lessees can be convicted of a zoning violation and do not suggest that improperly stored personal property cannot cause a zoning violation.

We disagree with appellant's argument that he cannot be convicted of a zoning ordinance violation under Chapter 3 of the City Code simply because he is not the owner (or lessee) of the property. Contrary to appellant's argument, the plain language of § 10-3-13 of the City Code specifically provides, "*Any* person . . . found in violation of any provision of this chapter . . . shall be guilty of a class 1 misdemeanor." (Emphasis added). The record on appeal reflects that the trial court's final order found appellant guilty of a zoning violation and entered appellant's conviction and sentence under § 10-3-13 of the City Code. The trial court did not err in finding that this provision was applicable to appellant.

"When an ordinance is plain and unambiguous, there is no room for interpretation or construction; the plain meaning and intent of the ordinance must be given it." Board of Zoning Appeals v. 852 L.L.C., 257 Va. 485, 489, 514 S.E.2d 767, 769 (1999) (citing Donovan v. Board of Zoning Appeals, 251 Va. 271, 274, 467 S.E.2d 808, 810 (1996); McClung v. County of Henrico, 200 Va. 870, 875, 108 S.E.2d 513, 516 (1959)). Nothing in § 10-3-13 of the City Code limits the prosecution of violations of zoning ordinances within Chapter 3 to the owners of the real property. If the terms of § 10-3-13 of the City Code were limited to *owners* of property subject to zoning ordinances, then any person could violate a zoning ordinance, and potentially be immune from prosecution, so long as the violation took place on a piece of property that did not belong to the

person who committed the violation. The Harrisonburg City Council could not have intended this result. Contrary to appellant's argument on appeal, it does not matter that appellant's mother permitted appellant to use and occupy the property without a formal lease, given the plain language of the City Code. Section 10-3-12, which immediately precedes § 10-3-13, directs, "No building or land shall be used or occupied . . . except in conformity with the regulations" enacted in the City Code. Because appellant used and occupied portions of the property to store his inoperable vehicles there, the City Code applied to him.

Here, appellant concedes on appeal that the property at issue in this case was in violation of a provision of Chapter 3 of the City Code – i.e., § 10-3-39. In light of appellant's concession, the evidence clearly establishes that the storage of appellant's own inoperable vehicles caused the violation of that zoning ordinance. "[I]t is well established that the choice of offenses for which a criminal defendant will be charged is within the [prosecutor's] discretion.'" Clark v. Commonwealth, 41 Va. App. 377, 391, 585 S.E.2d 355, 362 (2003) (quoting Kauffmann v. Commonwealth, 8 Va. App. 400, 410, 382 S.E.2d 279, 284 (1989)). While the City could perhaps have also prosecuted the owner of the property as well, the City, in its discretion, ultimately chose only to prosecute appellant, who used and occupied the property. The record establishes that appellant was a proper defendant in this case. The trial court specifically found appellant "guilty of a violation of zoning," and that finding certainly is supported by credible evidence in the record. See Code § 8.01-680. Therefore, appellant was properly convicted and punished under § 10-3-13 of the City Code, as a rational factfinder could conclude that the evidence at trial was indeed sufficient beyond a reasonable doubt.

### III. CONCLUSION

Appellant conceded that the property was not in compliance with § 10-3-39. The trial court found appellant "guilty of a violation of zoning," and that finding is supported by the evidence

establishing that appellant's impermissible storage of his four inoperable vehicles on the property caused the zoning violation. Given that "[a]ny person" who is "found in violation of any provision" of Chapter 3 of the City Code is subject to conviction of an offense that is a Class 1 misdemeanor, the trial court did not err when it convicted appellant of the zoning violation. Accordingly, for the foregoing reasons, we affirm the judgment of the trial court.

<u>Affirmed.</u>