COURT OF APPEALS OF VIRGINIA

Present: Judges Fulton, Callins and Senior Judge Humphreys
Argued at Christiansburg, Virginia

NELSON COUNTY BOARD
 OF SUPERVISORS

v.      Record No. 1633-24-3

THOMAS WAGNER, ET AL.

MEMORANDUM OPINION* BY
JUDGE JUNIUS P. FULTON, III
SEPTEMBER 16, 2025

FROM THE CIRCUIT COURT OF NELSON COUNTY
Michael R. Doucette, Judge

Phillip D. Payne IV, for appellant.

No brief or argument for appellee.

The Nelson County Board of Supervisors appeals an order of the Circuit Court of Nelson

County overturning a Board of Zoning Appeals ("BZA") decision requiring Thomas and Juliette

Wagner to obtain a special use permit for an outdoor firing range on their property. On appeal, the

Board of Supervisors argues that the trial court misinterpreted the language of the zoning ordinance

by focusing on the meaning of the word "conjunction" instead of the idiom "in conjunction with."

For the following reasons, we affirm the decision of the trial court.

BACKGROUND

Thomas and Juliette Wagner ("the Wagners") own an approximately 32-acre unimproved

tract of land consisting mainly of woods and open fields. The Wagners' property was originally

part of a family farm and has been used for growing hay and hunting since the 1950s. The

property is in an "A-1 Agricultural" zone as defined in the zoning ordinance for Nelson County.

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

The Wagners do not reside on the property but used the property for hay production and allowed their grandson, Alex Elliott, and his friends to use the property for hunting and target practice. In 2022 and 2023, Elliott frequently used the property for target shooting with his friends. Up to six people were shooting on the property at one time, at varying hours of the day. Elliott did not charge his friends a fee to shoot, and the shooting area was not open to the general public.

On May 2, 2023, the Wagners received a letter from the Nelson County Planning and Zoning Department ("the Department") informing them that the Department had learned of an outdoor firing range on the property "which is only permitted with a Special Use Permit in A-1 (Agricultural) zoning" and that the Wagners would need to "cease utilizing the property as an outdoor firing range" or "apply for and secure a Special Use Permit" for an outdoor firing range to avoid additional zoning enforcement action. The Wagners denied that they were using the property as a firing range, but that Elliott was allowed to shoot on the property with only one friend at a time.

On June 27, 2023, the Department sent the Wagners a notice of violation asserting that they were using the property as an outdoor firing range in violation of the zoning ordinance and warning that further enforcement action would be taken against them unless they obtained a special use permit. When the Wagners sought a copy of the definition of an "outdoor firing range" relied upon by the Department, they responded that an "outdoor firing range" was an "area for the sport shooting of firearms which is commercial, or is open to the public, or is otherwise the main use of the property."

After the BZA upheld the notice of violation, the Wagners appealed to the trial court, challenging the Department's definition of an "outdoor firing range" and asserting that the Department lacked the legal authority to supply this definition. Following a hearing on the

appeal, the trial court overturned the BZA's decision. In a letter opinion dated July 3, 2024, the trial court determined that the Wagners' use of the property was "neither 'an area for the sport shooting of firearms which is commercial' nor is it 'open to the public' but "that the main use was as an outdoor firing range." Nevertheless, it explained that while it found that the Wagners were operating an "outdoor firing range" within the Department's definition, they did not have to obtain a special use permit to do so.

The trial court stated that the "plain meaning" of the word "conjunction" in the zoning ordinance was "the act of joining or state of being joined." The trial court explained that, given this plain meaning, the phrases "outdoor firing range" and "County noise control ordinance" in the zoning ordinance must be "joined" together to determine whether the Wagners needed a special use permit to operate their firing range.[1]

The trial court explained that when joined together, the two ordinances only require a special use permit for a firing range that violates the noise ordinance. Finding that the Wagners' firing range was exempt from the noise ordinance because it was not a commercial shooting range, the trial court concluded that the zoning ordinance did not require the Wagners to obtain a special use permit for the firing range.

The Board moved the trial court to reconsider the judgment, arguing that the trial court had misconstrued the language of the zoning ordinance. The Board also asked the trial court to clarify whether its judgment rendered the zoning ordinance void.[2] The trial court denied the motion. The Board objected and timely noted its appeal.

---

[1] 4-1a in the Nelson County zoning appendix lists those uses permitted by special use permit including "outdoor firing ranges in conjunction with the County noise control ordinance" under 4-1-30a.

[2] We note that the by-right uses listed in the Nelson County zoning appendix for areas listed A-1 Agriculture do not include activities that would appear to cover non-commercial outdoor firing ranges, however that issue is not before this Court.

ANALYSIS

On appeal, the Board argues that the trial court erred by focusing on the definition of the single word "conjunction" rather than the definition of the idiom "in conjunction with," and therefore failed to harmonize the zoning ordinance regarding outdoor firing ranges with the County noise control ordinance so as to give effect to both provisions.

When reviewing county ordinances such as we have here, "the interpretation of legislative language presents a pure question of law, subject to review de novo on appeal." *Northampton Cnty. Bd. of Zoning Appeals v. Eastern Shore Dev. Corp.*, 277 Va. 198, 200 (2009). Additionally, "[w]hen language is unambiguous, we are bound by the plain meaning of that language." *Gibson v. Commonwealth*, 276 Va. 176, 182 (2008).

It is uncontested that the term "outdoor firing range" in the zoning ordinance at issue here is an undefined term. A zoning ordinance is no different than any other statute which we are required to interpret, and "[t]he principles relevant to the construction of a zoning ordinance are well established. The words of the ordinance are to be given their plain and natural meaning." *Donovan v. Bd. of Zoning Appeals*, 251 Va. 271, 274 (1996). Assuming without deciding that the definition of "outdoor firing range" used below was correct,[3] the trial court was tasked with determining how the idiom "in conjunction with" contained in the language of the zoning ordinance affected the application of the "County noise control ordinance" to this specific zoning ordinance and, subsequently, the determination of whether the Wagners were required to obtain a special use permit or not.

The Board argues that the trial court's erroneous focus on the definition of merely the term "conjunction" rather than the idiom "in conjunction with" led to an improper determination

---

[3] We note that though the Wagners noted their objection to this determination, it is not subject to appeal before us and we, therefore, proceed with our analysis based on the trial court's acceptance of this definition.

that the zoning ordinance and the County noise control ordinance were to be read as one. The trial court determined that the "plain meaning" of "conjunction" was "a state of being joined" and, therefore, read the zoning ordinance in "a state of being joined" with the County noise control ordinance to determine that the Wagners did not need a special use permit to operate an outdoor shooting range on their property.

Under the right result for the wrong reason doctrine, "it is the settled rule that how[ever] erroneous . . . may be the reasons of the court for its judgment upon the face of the judgment itself, if the judgment be right, it will not be disturbed on account of those reasons." *Perry v. Commonwealth*, 280 Va. 572, 579 (2010) (alterations in original) (quoting *Schultz v. Schultz*, 51 Va. (10 Gratt.) 358, 384 (1853)). While we agree with the Board that the trial court erred in determining that the plain meaning of just the word "conjunction" rather than the idiom "in conjunction with" controlled the analysis here, the definition of either the lone term or the whole idiom would lead the trial court to the same result. The definition of "conjunction" applied by the trial court was "a state of being joined" whereas the idiom "in conjunction with" another means "together with." Though slightly different, these definitions are functionally the same and affect the reading of the zoning ordinance identically. To read the phrase "outdoor firing range" "in a state of being joined" with the phrase "County noise control ordinance" leads to the same result as reading "outdoor firing range" "together with" "County noise control ordinance." Thus, the trial court had to look to the County noise control ordinance to determine how it applied to the zoning ordinance at issue.

The definition of "outdoor firing range" employed by the trial court here was "an area for the sport shooting of firearms which is commercial, or is open to the public, or is otherwise the main use of the property." Additionally, the County noise control ordinance defines a "commercial sport shooting range" as "an area or structure designed for the use of rifles,

- 5 -

shotguns, pistols, silhouettes, skeet, trap, black powder, or any other similar sport shooting, *and which is* operated as a business venture" in § 8-34 but provides a lengthy list of exemptions under § 8-37 including "sounds generated from the discharge of firearms *except* as otherwise provided in connection commercial sport shooting ranges."  Nelson Cnty. Code § 8-34 (2025); Nelson Cnty. Code § 8-37(s) (2025) (emphasis added).  The trial court specifically found that the Wagners' property was not "an area for the sport shooting of firearms which is commercial or is open to the public" but that the "main use of the land property" was as an "outdoor firing range." However, in reading the zoning ordinance *together with* the County noise control ordinance, it became clear that because the Wagners were not operating the firing range on their property as a business venture, it was exempted from the County noise control ordinance and subsequently the Wagners were not required to obtain a special use permit.  Therefore, under the "right result for the wrong reasoning" doctrine, we conclude that while the trial court should have applied the definition of the idiom "in conjunction with" rather than merely the term "conjunction," it ultimately did not err when it determined that the Wagners were not required to have a special use permit to operate an outdoor firing range on their property.

CONCLUSION

For the foregoing reasons, we affirm the decision of the trial court.

*Affirmed.*